The opinion of the court was delivered by
Gibson, J
In equity, no rule is of more frequent occurrence in practice, than that by which land directed to be converted into money, or money directed to be converted into land, is to be treated as that species of property into which the one or the other is so directed to be converted. For the application of this rule to particular eases, it is sufficient to refer to the opinion of Judge Washington, in Craig v. Leslie, where the learning on the subject is ably and lucidly staled. What we have to determine at present, is, whether the case before us is brought within it by the particular circumstances disclosed in the evidence, and the charge of the court. Ludwig Lawman, the testator, having devised his real and personal estate to his wife during her widowhood, directed his executors to sell it after her death, and divide the money arising front the sale equally among his four children. Lewis his eldest son acquires the share of one of his brothers, after which the judgment in question is obtained against him: then the land is sold first in execution of the power by the administrator de bonis non, with the will annexed, and afterwards to the same purchaser by the judgment creditor of Lewis, under an execution on his judgment: the purchaser pays into court the balance due by him on his purchase from the administrator: and the question is, whether the administrator or the judgment creditor is entitled to it.
The rule in equity already mentioned is not controverted. But it is said that in a case of this kind, the fee descends to the heirs of the testator till the land is actually converted into money; and this notwithstanding the act of the 31st of March, 1792, in which it is provided, that where a naked power to sell is given to the executors, they shall have the same interest in the land at if it were devised to them to be sold; or in other words, a power coupled with an interest. It is clear from this act, that, unless where the contrary is specially directed by the testator, the executors take the legal estate, and nothing descends. But even if this were otherwise, it would not vary the result. Suppose the legal estate to descend, and remain subject, as it undoubtedly would, to the *333 power to sell. It would doubtless be bound in the hands of the heir by a judgment against him: but for how much? Surely, for just as much as descended to him; which would be all that was not disposed of by the will. The judgment creditor could sell, and the purchaser could obtain no. more than what vested in the debtor a$ heir. Then when the estate of the purchaser comes to be div.ested by a sale in execution of the power under the will, what right has he, in virtue of having owned the descended part of the estate, to the money arising from that part of it which never descended, but passed under the will as a personal bequest? Neither the judgment creditor, nor the purchaser in his stead, is the representative of Lewis Lowmah, to every intent. It is a maxim that where two rights meet in the same person, they are to be viewed as if they existed in different persons. Now if a different person from Lewis Lowman the heir, were entitled under the will, how could a judgment creditor of Lewis Lowman claim any thing under the will? Hence it is evident that by virtue of a lien on the land of Lewis Lowman the heir, his judgment creditor will not be entitled to the personal interest of Lewis Low-man the legatee. The argument attempted to be raised on this ground therefore fails.
The remaining argument is, that where the whole beneficial interest in land or money directed to be converted, belongs to the person for whose use it is given, equity will permit him to take his interest in Uae shape of land or money, at his election. But against the application of this principle to the case before us there are three decisive objections. In the first place Lewis Lowman, or those who represent'him, have an undivided interest in the subject matter of this controversy, and cannot eompel those who were associated in interest with him, to take in land what was bequeathed to them in money; and as the executors could not execute their power by halves, their business was to execute it entirely, or with the consent of all parties, or not at all. In the second place, be Lewis Lowman’s right of election what it may, it is sufficient that neither he nor any one representing him, has ever exercised it. This right of election must be exercised before the property is converted; andpntil it be actually exercised, the property bears the same character, and remains subject to the same rules of transmission to representatives as if the conversion were actually made; and for the accuracy of these several positions I again refer to Craig v. Leslie, and the authorities there cited. In the last place, the judgment creditor of Lewis Lowman, is not his representative for the purpose of determining his election. He would have represented him only in his character of heir of the testator, in ease any estate had descended on which the judgment might have operated; but he could, in no shape represent him in respect of an interest under the will, which vested in him by title paramount to the judgment. For these reasons the judgment of the court below is reversed.
Judgment reversed.