## Clepper *against* Livergood.

When the share of a minor in his mother's real estate has been converted, by his guardian, into personalty, in his lifetime, and can be readily identified and traced to the stock from which it came, it descends, under the act of 1792, as if the intestate had survived his father.

A husband, on the death of his wife, having issue, is entitled, as tenant by the curtesy, to possession of the proceeds of her lands, sold in partition, upon giving security for its repayment, at his decease.

ERROR to the common pleas of *York* county.

Michael Clepper against Jacob Livergood. Case stated as if found by special verdict.

In 1814, Rudolph Herr died intestate, seised of a farm in York county, and leaving a widow and five children, viz., John, Joshua, Susan, Martha and Ann, in possession of the premises.

In 1824, Susan married the plaintiff in this suit, and in 1829 died, leaving her husband and three children, viz , Ann, Louisa and Rudolph H. Clepper.

On the 6th of April 1830, an inquest in partition was awarded by the orphans' court, and the heirs refusing, on return thereof, to accept the said farm at the valuation, sale was, on the 3d of August 1830, ordered to be made by the administrator, and on the 14th of December 1830, on report to the said court of sale of the premises, the sale was confirmed.

On the 29th of July 1830, Ann Clepper died, and on the 21st of February 1832, Rudolph H. Clepper died, both minors and without issue. On the 5th of April 1831, Jacob Livergood, the defendant in this suit, was duly appointed guardian of the estates of said minors, Louisa and Rudolph, and on the 27th of February 1836, filed accounts of his guardianship, exhibiting the receipt of 1747 dollars 55 cents, viz., 1404 dollars 78 cents principal, and 342 dollars 77 cents interest, being the whole of the two-thirds of that part of the valuation of said farm, which was allotted in right of said Susan Clepper; the other one-third remaining in the premises by decree of the orphans' court, for the benefit of the widow. On the day last mentioned, the plaintiff in this suit demanded of the administrator of said Rudolph Herr, the intestate, the money above stated, and the defendant in this suit in consideration that he had received said money, and that plaintiff would forbear to sue said administrator, promised the plaintiff to pay him the same, or any part thereof, if by law he should be entitled thereto.

The plaintiff has tendered to the defendant, for the benefit of all persons interested, and has filed, in the office of the prothonotary, a

[Clepper v. Livergood.]

bond with good security, in a penalty sufficient to cover any sum for which judgment may be rendered in this case, conditioned to pay at plaintiff's death, such part of the aforesaid money as he may not be entitled to hold absolutely.

If the plaintiff be entitled absolutely to the interest only of said money, then judgment for him for 342 dollars 77 cents, accordingly.

If plaintiff be entitled also to the half of one-third of the principal sum absolutely, then judgment for him for the further sum of 234 dollars 13 cents.

If plaintiff be entitled also to possession for life, of the remainder of said principal sum, then judgment further for him for 1170 dollars 65 cents.

If plaintiff be entitled only to said interest absolutely, and to possession of the principal for life, then judgment for him for 1747 dollars 55 cents.

Otherwise judgment for defendant.

The court (Durkee, President) decided that the plaintiff was entitled as tenant by the curtesy only: and has a right to the possession of the fund for life upon the security tendered; and rendered a judgment for 1747 dollars 55 cents, the amount of the fund and the interest which had accrued upon it.

The plaintiff below sued out this writ of error, and assigned for error:

1. That the court below did not decide the whole case.

2. The plaintiff should have had absolute judgment for 576 dollars 90 cents, the amount of the interest which had accrued, and the one-half of the one-third of the principal, and in addition, for the right of possession of the balance of the fund 1170 dollars 65 cents for life, on the bond and security tendered.

*Evans*, for plaintiff in error, cited Grider *v.* M'Clay, 11 *Serg. & Rawle*, 224. .

*Hambly*, contra, cited Bevan *v.* Taylor, 7 *Serg. & Rawle*, 397; M'Comb *v.* Dillo, 5 *Serg. & Rawle*, 304; Shippen *v.* Izard, 1 *Serg. & Rawle*, 222.

The opinion of the court was delivered by

Rogers, J.—It is conceded, that the judgment is correct so far as respects the right to the possession of the fund, amounting to 1170 dollars 65 cents, upon the security tendered, or that the plaintiff is entitled to an absolute judgment for 342 dollars and 77 cents, the amount of interest. But it is contended that the court should have rendered judgment for 576 dollars 90 cents, the amount of interest which accrued upon the one-half of the one-third of the principal, as stated in the special verdict. On the death of Ann (which was

[Clepper v. Livergood.]

before the confirmation of sale), Rudolph became the owner of one-half instead of one-third of the share of his mother; and on the confirmation of sale, the proceeds, according to the principle settled in M'Clay *v.* Grider, 11 *Serg. & Rawle,* 224, went into the hands of his guardian as money. The case arises on the fifth section of the act of the 19th of April 1792, and the only question is, whether the money which was received by the guardian, came to the ward *ex parte materna;* for the father, by the act referred to, is expressly excluded, wherever the estate of a deceased child comes on the part of his or her mother. By the sale, the real property is changed into personal; but, notwithstanding this, there is no difficulty in tracing the source from which it is derived. It does not, in any particular, partake of the character of a new acquisition, for at the time of his death, Rudolph was a minor, and could do no act, either by himself or guardian, which would change the operation of the exception in the statute. The money was not intermingled with the funds belonging to the minor, but remained in the same situation it was placed by the sale of the real estate. If Rudolph had attained full age, had changed the nature of his estate, had engaged in commercial or other business, and had acquired other property into which this was so intermingled as that it could not be distinguished from the general mass of his estate, a different case might have been presented. But when, as here, there is no difficulty in identifying the property, and tracing the stock from which the fund was derived, we are of opinion it comes within the exception of the act, and consequently descends in the same manner as if Rudolph survived his father.

Judgment affirmed.