## Culbertson *against* Duly.

" I give and bequeath unto my loving wife all my real and personal estate that I may have been found possessed of at my death, to hold and dispose of as she may think best; and that no other person is to have any claim whatsoever." *Held*, that the devisee took an estate in fee-simple.

ERROR to the Common Pleas of *Cumberland* county.

Robert Culbertson and others against Lemuel G. Duly and others. Ejectment for a house and lot, in which the parties agreed to the following facts as a special verdict:

Robert M'Kean, of Shippensburg, the husband of Patience M'Kean, under whom the plaintiffs claim, died the 2d day of July 1836, having first made this will, dated 25th February 1836.

" In the name of God, Amen. I Robert M'Kean, of Shippensburg, being very much afflicted in body, but of sound and disposing judgment, do make this my last will and testament, revoking all others that may have been made by me at any other time. And first and principally, I commend my soul to God who gave it, and my body to the earth to be buried in a plain, decent manner; and as it respects my worldly affairs, I dispose of them as follows:—I give and bequeath unto my loving wife, Patience M'Kean, all my real and personal estate that I may have been found possessed of at my death, to hold and dispose of as she may think best, and that no other person is to have any claim whatso-

[Culbertson v. Duly.]

ever; and, lastly, 1 make and by this will do appoint my wife, Patience M'Kean, to be the executrix of the same."

This will was proved the 18th July 1836, before the register of Cumberland county; but no letters testamentary or of administration issued thereon, no inventory nor administration account filed.

At the time this will was drawn and executed, and at his death, the said Robert M'Kean was seised and possessed in fee-simple of the house and lot of ground in Shippensburg for which this ejectment is brought.

Patience M'Kean survived her said husband, took possession of and held said property until the 5th day of August, A. D. 1841, when she died intestate, leaving no children, but leaving nephews and nieces, the children of intestate's deceased sisters, which said nephews and nieces are the plaintiffs, and heirs-at-law of the said Patience M'Kean.

The said Robert M'Kean died without issue, but leaving a sister, Margaret Scott, and two nephews, the sons of a deceased brother of the said Robert. Lemuel G. Duly holds the premises under the heirs of the said Robert M'Kean.

The plaintiffs claim the land in dispute as heirs of Patience M'Kean.

The defendants claim it as heirs-at-law of Robert M'Kean, but are not blood-relations of Patience M'Kean.

If on these facts the court should be of opinion that the plaintiffs are entitled to recover, their judgment to be entered for the plaintiffs with 6 cents damages and 6 cents costs. If the court should be of a contrary opinion, then judgment to be entered for the defendants.

The court below (HEPBURN, President) rendered a verdict for the plaintiffs.

*Brandeberg*, for plaintiff in error. There being no words of inheritance, the devisee took an estate for life. He referred to the Act of 8th April 1833, and argued that even under that Act the heirs-at-law of the husband were entitled. Cited 1 *Serg. & Rawle* 224; 3 *Yeates* 408; 7 *Serg. & Rawle* 397; 4 *Kent Com.* 404; 2 *Wm's Ex'rs* 731; 3 *Atk.* 758; 1 *Ash.* 236.

*Biddle*, contra, whom the court declined to hear.

The opinion of the Court was delivered by

SERGEANT, J.—It is very clear that the wife took a fee-simple in the testator's real estate, by his will. We think it equally clear, that on her decease intestate, the house and lot in question in this ejectment descended to the plaintiffs, who are her heirs at law, and not to the defendants, who are the heirs at law of the husband. The proviso constituting the 9th section of the Act of 8th

[Culbertson v. Duly.]

April 1833, does not apply to a case like the present. The husband is not ancestor or other relation to his wife, in the sense in which these terms are used in the law of descent. They mean those persons connected in the line of inheritable blood, which can never be predicated of the husband and wife, in legal phraseology. The wife, therefore, took under the will by purchase, and became a new proprietess, and derived the estate from one to whom, in respect to blood-relationship, she was as much a stranger as any third person would be.

Judgment affirmed.