# Selfridge's Appeal.

The Act of 1840 extends the jurisdiction of the Orphans' Court in partition to estates held jointly or in common which have been created by will, when the parties, or any of them, are minors, and to cases where the descent has not been altered or interrupted, though the decedent did not die absolutely intestate: but where the estate is devised to executors to be sold, the statute is wholly inapplicable to it.

APPEAL from the decree of the Orphans' Court of *Huntingdon* county.

In 1812 John Ramsey made his will, which was then proved, by which he appointed two of his sons and a third person to be his executors, and devised to them his real estate, to be sold, and the proceeds to be divided among his children as therein stated. The executors went into the possession of the estate, and continued to hold and use it for the benefit of the family until 1843, when some of the children having become insolvent, their interest in the estate was levied and sold to William Selfridge, who instituted a proceeding in partition in the Orphans' Court. The inquest was awarded by the court, the partition and valuation made and returned to the court, when, upon exceptions filed by the parties in interest, the court (Wilson, President) set the whole proceedings aside, on the ground that the court had no jurisdiction of the subject.

William Selfridge appealed from this decision.

*Fisher*, for plaintiff in error.
*Miles*, for defendant in error.

The opinion of the Court was delivered by

GIBSON, C. J.—The act of 1840 extends the jurisdiction of the Orphans' Court, in partition, to estates held jointly or in common,

which have been created by will when the parties, or any of them, are infants; and to cases where the descent has not been altered or interrupted, though the decedent did not die absolutely intestate. The latter provision was, perhaps, superfluous; for wherever exactly the same interest passes by the law that would pass by the will, the devisee takes by descent, and the testator may be said, in language strictly technical, to have died intestate as to the particular land. But in this instance the land did not pass to the legatees at all, either by descent or by the will; and the statute is altogether inapplicable to it. It was converted into personalty by the devise to the executors to sell for payment of the legacies; and on the plain and undeniable principle of *Morrow* v. *Brenizer*, (2 *Rawle* 185), as well as *Allison* v. *Wilson*, (13 *Serg. & Rawle* 330), the legatees had not an interest that could be bound by judgment. The title passed immediately to the executors, and will pass from them to a purchaser; so that the legatees can have no estate in the land, legal or equitable, inchoate or complete. What remedy, then, have their creditors, when, as here, the executors refuse to execute their trust? A very palpable one. They may attach the legacies by execution, and compel *the executors to sell by a decree* in equity under the thirteenth section of the Act of 1836, relative to the jurisdiction and power of the courts. An executor is a trustee, as well as a legitimate subject of equitable control; and by an exercise of the power thus given, the courts have ample power to do justice.

Decree affirmed.