*Eleventh Judicial District.*

## In the Orphans' Court of Luzerne County.

### *In re* ESTATE OF JAMES BIRTH, deceased.

Where a will provides that an executor is "to have the control and management of all the affairs of the farm devised, and of keeping together the property during the life of the widow, and keep her provided for so long as she shall live or remain his widow, and to sell and dispose of such property as may be in the judgment of the executor necessary, from time to time, in the management of the farm and for the comfortable support of the widow, and as soon as she ceases to be his widow the property is to be sold and the proceeds divided equally among his children and heirs, the same as at her death," &c., upon an election by the widow not to take under the will, upon the application of one of the heirs, an inquest was awarded.

Petition for partition of real estate.

Opinion by DANA, J.

The husband of one of the decedent's daughters—she assenting thereto by paper filed—petitioned in right of his wife for partition. An inquest was awarded and the return made, and set aside for defect in giving notice. The application for partition is renewed.

The executor objects to the award of an inquest, and submits a copy of the decedent's will, which provides that his widow is to reside on and have her living and support out of his real and personal property during her life, or while she remains his widow. The executor named "to have the control and management of all the affairs of the farm and of keeping together the property during the life of my wife Sarah, and keep her provided for so long as she shall live or remain my widow, and to sell and dispose of such property as may be, in his judgment, necessary, from

time to time, in the management of the farm, and for the comfortable support of my wife. But as soon as she ceases to be my widow, then the property is to be sold, and the proceeds divided equally among my children and heirs, the same as at her death, except my son Hiram," who is to receive $200 less than the others by reason of advancements made to him. The widow elected not to take under the will.

James Birth died May 25th, 1868, prior to the act of 20th April, 1869, P. D., 1554, relative to dower.

The care, control and management of the property by the executor, authorized under the will, seems to have been chiefly for the purpose of furnishing a comfortable support for his widow. She has elected to relieve him of her charge, and to claim her rights under the law, and not those secured to her by the will, a contingency not contemplated or provided for by the testator.

She is not dead, nor has she ceased to be his widow, and if a power in the executor to sell can be inferred from the terms of the will, the time for its exercise has not arrived, nor will it, until, by death, she shall cease to have occasion for a share in the estate, or, by her marriage, to have a right to it.

There is not, as in Selfridge's Appeal, 9 W. & S., 55, a devise of the land to the executor; he is simply entrusted with its management for a purpose which has ceased to exist, and his objection to the present proceeding, on the ground that he is directed by the will to keep the property together, seems to be without force.

The widow concurs in asking for partition. The policy of her course in declining to take under the will, or whether she has sacrificed a comfortable for a wholly inadequate support, is for her, not our, determination.

No question of her sanity is raised by proof or sufficient allegation. Until confirmed, the partition will be open for exceptions.

No adequate grounds against the same being shown, the alias inquest, as prayed for, is awarded.

*Geo. B. Kulp*, Esq., for petitioner; Messrs *Rhode & Lynch, contra.*