Boynton, J.
The position assumed by counsel for the plaintiff is, that, the executor having but a naked power of sale, the legal title to. the lands of which the testator died seized vested and took effect in the devisees under the will; and that inasmuch as the statute, upon a proper showing, authorizes the attachment of whatever interest a debtor may have or own in any property not exempt from execution, the lien acquired by the levy of the attachment in the action against William Anderson, was not defeated by the subsequent sale of the estate by the executor.
Granting that the devisees took the legal title, they received it subject to an outstanding power of sale in the executor, the execution of which would at once divest them of their title and pass it to the purchaser.
The instrument creating their estate, lodged in the executor power to dispose of the fee. Without an election to take the land instead of the proceeds to be derived from its .sale, no incumbrance the devisees might see fit to place upon .it, would affect, much less defeat, the right and power of the ■executor to convey away the title. The lien of a judgment .against a devisee could operate no further 'than fo bind the .interest received. It could not impair the right of the exe•cutor to convey the premises in execution of the power ■conferred by the testator. A creditor by seizing the property of his debtor by process of law ordinarily acquires no greater interest than his debtor possesses. This is the general rule.
The estate the devisees took by the devise was not an absolute estate in the full sense of that term. One of the principal incidents of ownership, the power to sell and convey, was vested in another. Upon the execution of such power, the title of the devisees under the will became, ipso facto, extinguished, and the fund arising from the sale became a substitute .for the land conveyed. If the estate had not been disposed of by the will; if the decedent had merely clothed his executor with a power to sell and convey, leaving the distribution of the estate to the law of descents, and'the attachment had been levied on the inter *147 est of William Anderson, descended to him as heir, before the power of sale had been executed, the case, in its legal aspect, would not be changed. .In such case, the legal title would have gone to the heirs’subject to the power in the executor to divest it,tby a sale and conveyance of the estate to which the power attached.
And a seizure of the interest of the heir by levy of execution or attachment, would have no possible effect on the executor’s right to convey. Allison v. Wilson’s Executors, 13 Serg. & Rawle, 330; 4 Har. (Del.) 343.
Whether the attachment in the present case gave or created an equity in the fund arising from the sale by the executor, is a question not before us. It is, however, claimed that, where a mere power of sale is given to an executor, or trustee, or where he is imperatively directed to sell, and to distribute the avails of the sale among ascertained beneficiaries, they may defeat the right to execute the power, or may extinguish it by electing to take the land instead of the proceeds arising from thé sale. Holt v. Lamb, 17 Ohio St. 374; Reed v. Underhill, 12 Barb. 113; 1 Leading Cas. in Eq. pt. H. 1168.
Admitting the law to be as thus claimed, it does not affect the case under discussion. - Here there was no election declared. It is the election, and not the mere right to make it, that, changes the character of the estate. 1 Story’s Eq. Jur. § 793

Motion overruled.