common law, an incompetent witness, is professedly dismissed from the mind of the Court, still there can be little doubt but that this circumstance has a considerable weight." *Id.*

See, also, *Waltin* v. *Hobbs,* 2 Ark. 19.—*Janson* v. *Raney, id.* 140.—1 Phil. Ev. 154, and notes of C. and H.— *Young* v. *Hopkins,* 6 Monroe, on p. 23.

MILLS, Administrator *v.* MARSHALL, Administrator.

Under the R. S. of 1843, if a man died intestate leaving a widow, her right to one-third of the surplus of his estate remaining after the payment of his debts, vested at the moment of his death; and where the wife died before distribution, her third went to her administrator.

*Monday,*
*November 24.*

APPEAL from the *Orange* Circuit Court.

DAVISON, J.—The case is as follows: In *September,* 1851, *Jacob Snider* died intestate, leaving *Eliza Snider* his widow, and eight children, who are his heirs at law. *Hiram Marshall* was appointed administrator of *Snider's* estate. In that capacity he received about 1,300 dollars, money on hand at his intestate's death, which he distributed among the said widow and heirs as follows: To her one-third, and to them two-thirds. Of the amount thus distributed, she received 434 dollars. After this, and before the sale of any property belonging to said estate, and about a month after *Snider's* death, his widow died. By him she had no issue; but she left children by a former marriage. *John Mills,* the appellee, administered on her estate. In *November,* 1853, *Marshall,* as administrator, &c., filed in the *Orange* Common Pleas an account wherein it appeared that he had in his hands moneys derived from the estate of *Jacob Snider,* to the amount of 2,388 dollars, for distribution. But the judge of that Court having been of counsel for a portion of the distributees, the cause, for that reason, was certified

to the *Orange* Circuit Court. At the *March* term, 1854, of said Court, both the administrators appeared, as did also the heirs of *Jacob Snider*, when *Mills*, as administrator of the widow, claimed a third of the sum to be distributed. This claim being resisted, the cause was submitted, &c. The Court, upon final hearing, decided that the fund in question be distributed according to the revision of 1843; that this is a case where there is no widow, but children of the intestate, and, therefore, the whole surplus to be distributed must be divided among said children. Judgment was rendered accordingly. *Mills* has appealed to this Court, and for error assigns the refusal of the Circuit Court to distribute one-third of the fund to him, as the widow's administrator.

This case is governed by the statutes of 1843, and they provide that, where the deceased shall have died intestate, the surplus of the estate remaining after the payment of debts, shall be distributed to the widow, children or next of kin to the deceased, as follows: " One-third to the widow, and the residue in equal parts to the children, and to the issue of any deceased child, by right of representation. ......... If there be no widow, but there be children of the deceased, or their descendants, the whole surplus shall be distributed in equal shares to the children who are living, and to the descendants of a deceased child by right of representation." R. S. 1843, pp. 552, 553. The position assumed by the Circuit Court, viz., that this is a case where there is no widow, is not tenable when applied to the facts stated in the record. If the wife survive the husband, she becomes his widow; and the husband having died intestate, the law is just as explicit in giving one-third of the decedent's personal property, after payment of debts, to the widow, as in giving two-thirds to the children or their descendants. The statutes to which we have referred neither say nor intend that she must be alive when the distribution is made. To us it is plain that her right of property, under the provisions above quoted, became vested at the moment of the intestate's death. But we have,

Nov. Term,
1856.

MILLS
v.
MARSHALL.

in effect, decided the question under consideration. In *Kellogg* v. *Graves*, 5 Ind. R. 509, it was held that, under the act of 1843, the right of the widow to 150 dollars in property or money out of the estate of her deceased husband, was absolute on his death. When it is noted that the act referred to in that decision simply entitled the widow to select, at its appraised value, property of her deceased husband to the amount of 150 dollars, and that in point of fact she had died before any selection, or even appraisement, had been made, it is quite obvious that the authority cited is, in principle, adverse to the ruling of the Circuit Court. There is, however, a well considered case directly in point. Under a statute of distributions similar to the one to which we have referred, the Supreme Court of *Massachusetts* have decided, "That the widow's right to one-third of the property is a vested interest, and not defeated or affected by a subsequent marriage or death of the widow before actual distribution; that the decree of distribution relates back to the original right; and if she marries, and afterwards a decree of distribution is made, the second husband may claim the property, as he may any other chose in action of his wife, and if she dies, he not having reduced it to possession, it goes to her administrator; and though the administrator be the surviving husband, who is the sole distributee of the residue of her personal property, still he collects the distributive share coming to her, in his capacity of administrator, and not as husband in his own right." *Foster* v. *Fifield*, 20 Pick. 67. If this exposition of the law be correct, and we think it is, the decision of the Circuit Court cannot be sustained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. McDonald* and *W. A. McKenzie*, for the appellant.