No. 16,246.

## ALLEN ET AL., BY NEXT FRIEND, *v.* BLAND.

DECEDENTS' ESTATES.—*Land Acquired by Devise from Former Husband. —How Descends.—When Surviving Husband Holds Interest.—Statute Construed.*—A. devised half of his real estate, in fee, to his widow in lieu of her interest in his real estate, and the remaining one-half to his son James, in fee; and after the death of A., and after the death of James subsequent to his father, A.'s widow, having been married to B., brought suit for partition, and, subsequently to judgment in partition, died, leaving B. and two, the only, children of James surviving her. Did the land devised to A.'s widow by A., upon her death, descend wholly to the children of James, as provided by section 2484, R. S. 1881, or did B. hold an interest therein? *Held*, that the land, having been obtained by purchase, did not come within the provisions of section 2484, *supra*, and that B. held an interest therein as surviving husband.

From the Sullivan Circuit Court.

*W. C. Hultz*, for appellants.

*J. S. Bays, J. T. Hays* and *H. J. Hays*, for appellee.

OLDS, J.—Prior to February 18th, 1868, William F. Allen died testate, the owner of certain real estate situate in Sullivan county. By his last will, he devised one-half of the real estate to his widow, Milley A. Allen, in fee, in lieu of her interest in his estate, and one-half to his son, James F. Allen, in fee. James F. died, leaving surviving him as his only children and descendants the appellants, William R. and Caroline M. Allen.

The widow of the testator intermarried with the appellee, Richard A. Bland. After the death of James and marriage of the widow of the testator, Mrs. Bland brought suit in partition, making the appellants parties, and had the land divided, and one-half of the same set off to her. After the judgment in partition, Mrs. Bland died, and appellants bring this action against the appellee. This is an action in ejectment and to quiet appellants' title to the land set

apart to Mrs. Bland. The appellee filed a cross-complaint alleging that the said testator, William F., devised the one-half of the land to his widow in fee; that appellee married the widow; that partition was had and the land in controversy set apart to her; that she died, leaving the appellee, her husband, surviving, and the appellants who were the only heirs and decedents of said James F., and that appellants and appellee are each the owner of the undivided one-third of the land, and prayed a partition. Appellants demurred to the cross-complaint for want of facts, which was overruled, and this ruling is assigned as error.

It is contended on behalf of the appellants that, the land being devised to the widow, in lieu of her interest in her husband's estate, she took the one-half of the land so devised to her by virtue of her previous marriage with Allen, and, therefore, at her death, the title passed to the appellants by virtue of section 2484, R. S. 1881. In other words, the contention of counsel is that in any case where the widow derives title from her husband by virtue of an antenuptial contract, or where he conveys lands during the marriage, in which his wife does not join, or dies its owner in fee of real estate in which she takes an interest, or where the husband devises an absolute interest in fee in lieu of her interest under the law, the widow holds the land "in virtue" of such marriage with the deceased husband, and that at her death it descends to the children by virtue of such marriage. We can not concur with this theory. The widow holds, by virtue of a marriage, the title to such land as descends to, and is vested in, her by operation of law.

There are only two methods of acquiring on the one hand and loosing on the other the title to land, viz., by descent and purchase. Says Blackstone: "The methods thereof of acquiring on the one hand and loosing on

the other a title to estates in things real are reduced by our law to two—*descent*, when the title is vested in a man by the single operation of law; and, *purchase*, when the title is vested in him by his own act or agreement.'' 1 Chitty's Bl. Com., book 2, p. 201. With this propo-- sition, all leading law writers agree. Washburn on Real Property, p. 401; see, also, p. 414, section 36. A title by devise is a title by purchase.

It is alleged in the cross-complaint that the widow elected to take under the will. She had the right to do either—take under the law or under the will. The husband could not have deprived her, against her consent, of her interest in his estate to which she was entitled under the law.

In *Armstrong* v. *Berreman, Admr.*, 13 Ind. 422, it is well said, that, ''Indeed, the whole statute on the subject of descent provides only for the disposition of estates of persons dying intestate.'' Except one die intestate, he leaves nothing to descend under the law.

That the widow did not hold the title by virtue of her previous marriage with the testator, so that it descended to his children at her death, as provided in section 2484, *supra*, we think too clear to require further discussion.

There is no error in the record.

Judgment affirmed.

Filed March 15, 1893.