## ODELL ET AL. v. REYNOLDS ET AL.

[No. 18,901.    Filed March 5, 1901.]

DECEDENTS' ESTATES.—*Estates Under Five Hundred Dollars.—Title of Wife in Land of Husband.*—A proceeding under §§2575-2578 Burns 1894, for the settlement of estates under $500, vests the widow with the entire title of her deceased husband in the land set off to her, and she thereby becomes the absolute owner thereof, in fee simple, with full power to sell and convey the same without restriction.

From the Warren Circuit Court.    *Affirmed.*

*J. W. Sutton,* for appellants.

*C. V. McAdams,* for appellees.

DOWLING, C. J.—James Odell died in February, 1879, seized of a tract of land containing ten acres, situated in Warren county.    He left surviving him his widow, Mary E., who was a second wife, and five children, Sarah M., Nancy, Clinton W., Dora, and Desha.    The total value of his estate, real and personal, did not exceed $500, and, upon the order of the court, all the title and interest of the decedent in the said real estate were vested in the widow.    This proceeding was taken under an act entitled "An act to amend §§133, 134 of an act entitled 'An act providing for the settlement of decedents' estates,' etc., 'approved June 17, 1852.'"    Approved February 24, 1869.    Acts 1869, p. 32, §§2575, 2576 Burns 1894.    Afterwards the widow married one Phillips, and during such marriage relation sold, and by deed in which her husband joined conveyed said tract of land to Mahala A. Doty, who conveyed it to James E. Reynolds and William Bannister.    Subsequently, Mrs. Phillips died, leaving surviving her the appellants, Clinton W. Odell and Dora Odell, and the appellee, Desha Odell (married to Hanley Ireland), her children by her former husband, James Odell, and Sarah M. Smith and Nancy Lemmon, children of James Odell by his first wife. The appellants, who are two of the children of the said

James Odell and Mary E., the second wife, to whom the real estate was set off, claiming to be the owners in fee simple of the undivided two-thirds thereof by descent from the said Mary E., and alleging that the appellee, Desha Ireland, is the owner of the remaining one-third thereof, seek to quiet the title against the other appellees, and ask for partition of the said tract. To a complaint setting out the foregoing facts a demurrer was sustained, and judgment was rendered thereon in favor of Reynolds and Bannister, the parties filing the demurrer, and who were the only defendants before the court. The question presented is, whether Mary E. Odell, the widow of James Odell, held the said tract by an absolute title in fee simple, or whether her right to convey said land was suspended during the continuance of her second marriage? Appellants insist that the power of the widow of James Odell to convey said real estate after her marriage to Phillips was suspended by the provisions of §1 of an act approved March 29, 1879. Acts 1879, p. 123. §2641 Burns 1894.

The widow of Odell took the land by virtue of the proceedings of the court under §§133, 134, 135, 136 of R. S. 1852, pp. 279, 280, as amended by the act of February 24, 1869. (Acts 1869, p. 32, §§2575, 2576 Burns 1894.) These sections are found in the act regulating the settlement of decedents' estates. The restriction upon the power of a widow to alienate real estate held in virtue of a previous marriage, when there is a child or children or their descendants alive by such marriage, is contained in the statute of descents, and does not, in our opinion, apply to real estate taken by her under the sections of the act regulating the settlement of decedents' estates, supra.

It has been held by this court that the statutory claim of a widow for $500 is not an interest in the estate of the decedent, but is a preferred claim payable out of the personal estate, if sufficient for the purpose, otherwise, payable out of the lands of the decedent. Claypool v. Jaqua, 135

Ind. 499.  It has also been decided that a widow may transfer her claim against the estate of her deceased husband for $500 of personalty given her by statute, or that she may contract for the transfer of a part of such claim after she receives the same.  Also, that if not claimed by her during her lifetime, it goes to her personal representatives.  *Zeigler v. Mize,* 132 Ind. 403 ; *Bratney* v. *Curry,* 33 Ind. 399.

Section 19 of the act entitled, "An act regulating descents, and the apportionment of estates", approved May 14, 1852 (R. S. 1852, p. 250), was repealed by implication by the act of February 24, 1869.

The widow of James Odell was vested with the entire title of her deceased husband in the tract set off to her, and thereby became the absolute owner thereof in fee simple, with full power to sell and convey the same even if she married again.  Her grantees acquired all her title by the deed executed by her and her second husband, Phillips, free from any claim of her children and the children of her husband by his first wife.  The demurrer to the complaint was properly sustained.

Judgment affirmed.