RUSH, ADMINISTRATOR, ET AL. *v.* KELLEY.

[No. 4,976. Filed January 12, 1905.]

1. PLEADING.—*Petition to Set Aside Final Settlement of Decedent's Estate.—Waiver.—Defense.*—In a petition by the widow to set aside the final settlement of a decedent's estate, it is not necessary for her to show that she has not lost nor waived her right to the statutory allowance as such widow, such matter constituting a defense. p. 453.
2. DECEDENTS' ESTATES.—*Rights of Widow.—How Exercised.*—The widow has the right to select from the personal estate $500 in appraised value, but if she should not select, it is the duty of the administrator to sell such property and pay her $500 in cash, and if the personalty be insufficient to make such sum, the remainder becomes a lien upon the realty, and it must be sold to pay such sum. p. 453.
3. SAME.—*Final Settlement.—Setting Aside for Fraud.—Widow's Allowance.—Claim.*—Where the widow shows that the administrator of her husband's estate made his final settlement and therein represented that the children had settled with such widow the amount due her, which was false; that she was not notified of the final settlement and did not appear; that she had not been paid her statutory

allowance, and that the administrator had taken improper credits in such settlement, such settlement ought to be set aside on account of fraud, the widow's statutory allowance not being a claim to be filed as ordinary, claims, but the administrator being under the duty of paying same without the filing of a claim.  p. 454.

4. APPEAL AND ERROR.—*Appellate Court Rules.—Failure to Observe.*— Where question is made on appeal as to the sufficiency of the evidence, but the appellant's brief has not given a recital thereof, no question is presented.  p. 455.

5. NEW TRIAL.—*Error in Excluding Evidence.—Motion.—Evidence Offered Different from Evidence Shown in Motion.*—Where the motion for a new trial alleges that the court erred in excluding certain evidence set out, and the offer as shown in the evidence was materially different, there is no error in overruling the motion for a new trial on that ground.  p. 455.

From Tippecanoe Circuit Court; *R. P. DeHart,* Judge.

Action by Elizabeth A. Kelley against Edwin R. Rush, as administrator of the estate of Thomas J. Kendall, deceased and others.  From a decree in favor of plaintiff, defendants appeal.  *Affirmed.*

*Davidson & Boulds* and *John M. LaRue,* for appellants. *George D. Parks* and *William A. Bryan,* for appellee.

BLACK, J.—The appellee, Elizabeth A. Kelley, by her verified petition, sought the setting aside of the final settlement of the estate of Thomas J. Kendall, deceased, by the appellant Edwin R. Rush, administrator thereof, and the reopening of the settlement of the estate.  The sufficiency of the petition is questioned.  It was represented therein, in substance, that Thomas J. Kendall died at Tippecanoe county, June 24, 1897, intestate, leaving as his widow the petitioner, and leaving surviving him, also, Ernest Kendall and Orval Kendall, minor children, born of the marriage of the intestate and the petitioner, and Carey W. Kendall, Laura Hornecker, Minnie B. Sampson and Essie M. Kendall, adult children of a former marriage of the intestate, and Dessie Kendall and Lois Kendall, minor children of such former marriage; that Minnie B. Sampson had since died, leaving surviving her Oscar E. Sampson, her husband,

and one child, Bertha Sampson; that Carey W. Kendall is the guardian of said four minor children of the intestate; that the petitioner married George W. Kelley, September 1, 1900; that the intestate left a farm in said county, of about sixty-five acres, of the value of $3,500, unencumbered, and personal property of the value of $450, and the petitioner was entitled to the undivided one-third part of said land at the death of the intestate of the value of $1,166, and also to her statutory allowance of $500, as his widow; that Edwin R. Rush was duly appointed and qualified as administrator of said decedent's·estate, July 1, 1897; that he filed his inventory and appraisement of the personal assets of the estate in the court below, August 26, 1897; that the petitioner received and retained goods and chattels of the estate to the amount of $77.24, and executed her receipt therefor to the administrator, upon the back of the inventory, August 6, 1897; that the remainder of the goods and chattels of the estate was appraised at $295.44; that the administrator never paid or let her have any other property of the estate on account of the statutory allowance, and she never received the remainder thereof, being $422.76; that July 26, 1898, the administrator filed his final report in the estate, and the clerk indorsed thereon September 26, 1898, as the day set for the hearing thereon, and on the day so set the court approved the report, and the estate was adjudged finally settled; that the petitioner was not personally summoned to attend the hearing and final settlement, and she did not appear at or attend the hearing and final settlement, and did not have any actual knowledge thereof; that the final report and settlement were illegal in that settlement was made without the payment to her of the aforesaid balance of her statutory allowance; that the administrator did not charge himself with the value of the goods and chattels taken by the petitioner—$77.24— but did take credit therefor against the amount he had charged to himself; that he paid and took credit for a note

executed by the intestate as surety for Essie Kendall, one of the heirs aforesaid, which note was dated April 8, 1897, executed to C. Murdock, cashier, in the sum of $100, payable at the Merchants National Bank of LaFayette, Indiana, ninety days after date, at eight per cent. interest; that, to settle this note, the administrator paid $122.25, and did not collect that amount from Essie Kendall, though she was solvent; that the estate was clearly solvent; that the petitioner was entitled to receive the aforesaid balance of her statutory allowance out of the first moneys that came to the hands of the administrator after payment of the expenses of last sickness and funeral of the decedent; that, instead of paying such moneys to the petitioner, the administrator paid the indebtedness of the estate therewith; that, if the personal estate was insufficient, he should have made assets to pay the petitioner and the indebtedness by sale of the real estate of the decedent, and he neglected to do so; that he procured the approval of his final report and the decree of final settlement by fraud, in this: that he knowingly falsely stated in the report that the heirs had settled with the petitioner and paid her, when, in truth and in fact, none of the heirs had paid her any part of her statutory allowance of $500; that he filed no voucher or receipt therefor, executed by her to anyone; that if any voucher or receipt therefor was produced to the court, it was false and fraudulent; that all said illegal and fraudulent acts of the administrator have affected the petitioner adversely, and have injured her and put her to distress. "Wherefore, she prays that said final settlement may be set aside, and said estate reopened; that said administrator may be ordered and directed to pay to your petitioner said sum of $422.76, together with interest thereon from September 26, 1898, as the balance due to her for and on account of the sum allowed her by statute; and that he make a full, true and complete accounting and settlement of said estate, and for all other and proper relief."

The administrator and heirs mentioned in the petition were made defendants.

1.   Such a petition is provided for by §2558 Burns 1901, §2403 R. S. 1881, and provision for the widow's allowance of $500 is made by §2424 Burns 1901, §2269 R. S. 1881. The only grounds of objection to the petition urged by counsel are, in effect, that such a petition should show that the widow has not in any way lost or waived her right to receive the statutory allowance, and that it should show that she has in some way demanded it of the personal representative, before the final settlement. We think these objections are not well taken. The petition showed by the averment of facts that the petitioner was entitled by law to receive from the administrator the amount of the allowance, and that she had never been paid it by him and had never received it. If there were facts upon which it could properly be claimed that she had lost or waived the right plainly set forth in the petition, they would constitute matter of defense. It could not be presumed against her that such facts existed as would avoid her lawful right, and, under the recognized principles of good pleading, she should not be required in her petition to negative the existence of such facts.

2.   The right of the widow to receive specific articles of the inventoried personal property depends upon her exercise of her right under the statute to "select and take" the articles, not exceeding in the aggregate $500, and the execution by her of a receipt therefor to the personal representative; but if she "fail or refuse to select and take all or any part of such articles, * * * she shall be entitled to the amount of the deficiency, in cash, out of the first moneys received by" the personal representative, "in excess of the amount necessary to pay the expenses of administration and of the last sickness and funeral of the deceased: Provided, that if the estate be clearly solvent, she shall be entitled to such payment out of the first moneys

received by such executor or administrator. If the personal estate of the decedent be insufficient to pay the amount that may be due the widow, in cash, as aforesaid, the deficit shall constitute a lien upon the real estate of the decedent liable to sale for the payment of debts; which lien may be enforced upon the petition of the executor or administrator, in like manner as lands of the decedent are sold for the payment of debts, and shall be superior to the lien of judgments upon said real estate rendered against the decedent." §2424, *supra.*

3. The administrator had knowledge of the selection of inventoried articles by the widow, and knew that they amounted, in the aggregate, to a sum much less than the amount to which she was entitled absolutely. He also was bound to know that the personal property in his hands was not sufficient to pay her the remainder of the allowance. She was entitled to the amount of the deficiency in cash, to be paid her by him, out of the first moneys received by him; and, the personal property being insufficient, as he knew, to pay the amount due her, it was his duty to petition the court for the sale of the real estate, and thereby to obtain a sufficient sum and pay it to her before seeking final settlement of the estate. Her right to such payment was not a "claim against the decedent," to be filed by her as provided in §2465 Burns 1901, §2310 R. S. 1881. "The law demands of an executor or administrator diligence in the discharge of the duties of his trust." *Miller* v. *Steele* (1878), 64 Ind. 79. The petition, as was necessary, showed that she did not appear at the final settlement, and was not personally summoned to attend the same. §2558 Burns 1901, §2403 R. S. 1881; *Dillman* v. *Barber* (1888), 114 Ind. 403; *Williams* v. *Williams* (1890), 125 Ind. 156; *Graham* v. *Russell* (1899), 152 Ind. 186. She had no reason to expect that the administrator would neglect his prescribed duty to pay her allowance before proceeding to final settlement of his trust; and no specific demand on her part

was necessary in order to render it illegal to make final settlement in violation of such duty. It is sufficient for the petitioner to set forth any "illegality, fraud or mistake in such settlement or in the prior proceedings in the administration of the estate, affecting him adversely." The petition does not merely show settlement without payment of the widow's allowance, but it is averred that the administrator procured the approval of his final report and the decree of final settlement by fraud, in that he knowingly falsely stated in the report that the heirs had settled with the petitioner and had paid her, when in fact they had not paid her any part of her allowance. Besides, there is showing of the taking of improper credit by the administrator, and that assets which should have been applied in payment of her allowance were used otherwise.

4. A motion for a new trial filed by some of the defendants, not including the administrator, was overruled. Counsel for the appellants have not complied with the provision of the fifth clause of rule twenty-two of this court—that, if the insufficiency of the evidence to sustain the verdict or finding in fact or law is assigned, the statement in the brief shall contain a condensed recital of the evidence in narrative form, so as to present the substance clearly and concisely; and counsel for the appellee have not supplied such matter.

5. The refusal of the court to admit certain offered testimony is urged as error, with a reference to the assignment of a cause in the motion for a new trial and the designation of a page in the record showing the exclusion of the testimony. Upon comparison, it appears that the statement of cause in the motion was materially different from the offer of proof shown in the bill of exceptions, where, indeed, the action of the court appears so plainly correct that we would scarcely be justified in taking the considerable space necessary for a full showing of the matter.

Judgment affirmed.