# IN THE MATTER OF THE ESTATE OF LOUIS P. MERTES, DECEASED.

[No. 22,331.   Filed April 7, 1914.]

1. APPEAL.—*Constitutional Questions.—Determination of Cause on Merits.*—The court on appeal will not determine constitutional questions where the merits of the cause may be passed upon without doing so. p. 480.

2. EXECUTORS AND ADMINISTRATORS. — *Statutory Allowance to Widow. — Bar. — Causing Death of Husband. —* A widow's statutory allowance of $500 under §2943 Burns 1908, §2419 R. S. 1881, does not pass to her by reason of any law of descent, but is a preferred claim payable to her out of the estate, and since §2995 Burns 1908, Acts 1907 p. 136, providing that no person convicted of unlawfully causing the death of another shall take by devise or descent any part of the estate left by decedent, merely prohibits the taking by devise or descent, a widow convicted of killing her husband cannot be denied such statutory allowance of $500 out of his estate. p. 480.

From Dubois Circuit Court; *John L. Bretz,* Judge.

Application by Ella B. Mertes, as widow of Louis P. Mertes, deceased, to have certain personal and real property of decedent set off to her as such widow under §2943 Burns 1908, §2419 R. S. 1881. From an order denying the application, she appeals. *Reversed.*

*Richard M. Milburn, Robert W. Armstrong, Joseph A. Yager* and *George W. Goble,* for appellant.

ERWIN, J.—In this matter, the appellant, Ella B. Mertes, as the widow of Louis P. Mertes, deceased, filed in the circuit court her petition to have certain personal property,

and real estate, belonging to her deceased husband, set off
to her as the surviving widow, being in value, less than $500,
under §2943 *et seq.* Burns 1908, §2419 R. S. 1881. From an
order of the court refusing to set the same off to her, appel-
lant has appealed to this court.

The court, at the request of appellant, made special find-
ings of facts and stated conclusions of law thereon. The
facts found are, that Louis P. Mertes, on August 3, 1911,
was a citizen of Dubois County, and more than twenty-one
years of age, and owned certain real estate and personal
property, appraised at $265.80, exclusive of liens thereon;
that twelve years prior thereto decedent married appellant,
and they lived and cohabited together until the death of dece-
dent; that on August 13, 1911, appellant killed her hus-
band, the decedent, by shooting him with a pistol, and she
was at once arrested and on November 13, 1911, was con-
victed of the crime of manslaughter, and was at the time
of the filing of her petition herein, confined in the Women's
Prison at Indianapolis; that the petition herein was filed on
September 26, 1911, showing that the estate of said Louis
P. Mertes was less than $500, and that two duly qualified
appraisers were appointed, and fixed the value of all prop-
erty left by decedent at the sum set out herein, and filed
their report on October 11, 1911, the appellant making affi-
davit that this inventory contained a true statement of all
property, both real and personal left by decedent. Upon
this statement of facts the court stated as conclusions of
law: (1) That appellant should take no part of the estate
for the reason that the same is against public policy and
against the letter and spirit of the law; (2) that as peti-
tioner has been convicted of killing her husband, she is not
entitled, as widow to the statutory allowance of $500; (3)
that as petitioner has been convicted of killing her husband,
she is not entitled to one-third of the real estate of which
he died the owner; (4) that petitioner is not entitled to
have any of the property set off to her, as prayed for in her

petition. To the conclusions of law, appellant duly excepted and judgment having been duly entered according to the conclusions of law, appeal was prayed to this court.

We have been advised by appellant's brief that the court refused the petition of appellant on the ground that she was not entitled to the property by reason of §2995 Burns 1908, Acts 1907 p. 136, and which act appellant challenges as being unconstitutional. The act in question reads as follows, ''That no person who unlawfully causes the death of another and shall have been convicted thereof, or aids or abets in such unlawful killing of another, shall take by devise or descent any part of the property, real or personal, owned by the decedent at the time of his or her death.''

1. It is not essential to the decision of the question here involved that we should pass upon the constitutionality of the act. Where the merits of the cause may be passed upon without passing upon the constitutional question the courts will do so. *Cleveland, etc., R. Co.* v. *City of Connersville* (1897), 147 Ind. 277, 279, 46 N. E. 579, 37 L. R. A. 175, 62 Am. St. 418; *Legler* v. *Payne* (1897), 147 Ind. 181, 45 N. E. 604; *Martin* v. *State* (1896), 143 Ind. 545, 42 N. E. 911; *Henderson* v. *State, ex rel.* (1894), 137 Ind. 552, 36 N. E. 257, 24 L. R. A. 469.

2. The act in question provides that the party guilty of killing another shall not take of the property by devise or descent. It has been often decided by this court that the statutory allowance to the widow of $500, does not pass to her, by reason of any law of descent, but is a preferred claim payable out of the personal estate of the deceased husband, if sufficient, and if insufficient then the balance shall be paid out of the real estate. *Claypool* v. *Jacqua* (1893), 135 Ind. 499, 505, 35 N. E. 285; *Shipman* v. *Keys* (1891), 127 Ind. 353, 356, 26 N. E. 896; *Rush* v. *Kelly* (1905), 34 Ind. App. 449, 453, 73 N. E. 130. Therefore it must be conceded that the appellant's interest of $500 in her deceased husband's estate does not descend to

her as his heir, and therefore the act of 1907 does not control. As there is no pretense that it was given her under the provisions of any will, therefore the provision that she shall not take by devise has no force in this case. The act in question is confined to "devise" and "descent" and could not be made to apply in this case, without reading something into the statute, which was not included therein by the legislature. We are of the opinion that the trial court erred in its conclusions of law. Judgment is reversed with instructions to the court below to restate its conclusions of law, in conformity herewith, and enter judgment setting off to appellant the property in question, as prayed for in her petition.

NOTE.—Reported in 104 N. E. 753. As to nature of inheritance where a wife or husband takes from a deceased husband or wife, see 12 Am. St. 83.