Farr, J.
This cause comes into this court on appeal from the court below. Adam Yarian, late of Poland township, Mahoning county, died testate August 31, A. D. 1910, and thereafter his last will and testament was duly admitted to probate in the probate court of Mahoning county. Said decedent was twice married. His first wife left one child surviving her, Rebecca Yarian Beight, who, at her decease, left the following named children: Albert J. Beight, Rolandus E. Beight and Mary C. Organ. *282 By the second wife, whom testator survived, the following named children were born: John Yarian, Elizabeth Crum, Samantha Rummel, Anna Yarian and Jonas Yarian.
By the terms of said last will and testament it was provided among other things, in Item II, as follows:
“I give, devise and bequeath to my daughter, Anna Yarian, my farm in Poland Township, on which I now reside, consisting of one hundred acres of land, to her and her heirs and assigns forever, providing she pay to the executor or executors of my estate, the sum of four thousand dollars, on or before three years from the date of my decease.”
And in the second paragraph of the same item the following language is used:
“The money arising from the sale of my farm, as hereinbefore bequeathed to my daughter, Anna Yarian, and all my personal property, movable property, household furniture and money and valuable papers, which I leave at my decease, shall then be equally divided, share and share alike sjí
And at the conclusion of said will it is provided as follows:
“I do hereby nominate and appoint my son, Jonas Yarian, without bond, executor of this, my last will and testament, and give him full power to convey my farm to my daughter, Anna Yarian, or if she should not elect to take the farm at the price mentioned, then my executor shall sell the farm to the purchaser or purchasers, the same as I could have done if I were living.”
*283 Jonas Yarian qualified as executor of said will, and Anna Yarian, having elected to take said farm upon the conditions above named, paid to said executor the sum of $4,000 and received in turn from him a deed for said farm, dated April 3, 1911, which deed is now of record in Mahoning county. The said Anna Yarian died June 3, 1911, unmarried, intestate and without issue, and left surviving her the above-named brothers and sisters of the full blood, her only heirs at law.
Jonas Yarian qualified as administrator and duly administered her estate. The farm was sold and the proceeds distributed equally among her brothers and sisters above named.
Albert J. Beight, son of Rebecca Marian Beight, sister of the half blood of decedent, Anna Yarian, filed a petition for partition in the court below on April 4, 1915, claiming to be a tenant in common of said Poland township farm, alleging that it was an estate by devise, instead of by purchase, and therefore ancestral rather than nonancestral property. To this petition general denials were filed by the brothers and sisters of Anna Yarian, deceased. Judgment was rendered for defendants in the court below, and the case is appealed to this court.
The whole issue made is whether the above-quoted language of said will creates an estate by “devise” or “purchase;” if by devise it is ancestral property, and Section 8573, General Code, applies; if by purchase it is then nonancestral property, and Section 8574, General Code, applies.
Counsel for appellant, in a well-prepared brief ánd in oral argument, cites and relies upon paragraph 3 of above Section 8573, which provides *284 that if an intestate leave no husband or wife an ancestral estate shall pass to and vest in the brothers and sisters of the blood of the ancestor from whom the estate came, or their legal representatives, whether of the whole or half blood, and it is urged that the foregoing taken in connection with the fore part of said Item II, “I give, devise and bequeath to my daughter, Anna Yarian, my farm in Poland Township,” is sufficient to determine it to be ancestral property.
And it is further urged that in order that defendants may prevail it must be absolutely determined that said estate came to Anna Yarian, not by descent, devise or deed of gift, as provided in said Section 8573, General Code; or, in other words, counsel relies partly on the above wording, “I give, devise and bequeath,” to determine the issue here.
The foregoing is and long has been the usual and customary language used as introductory to an item -of a will, and might be. determinative of the issue, if no other and different language were used. It must be observed, however, that to determine the meaning of a will it must be read and considered all together, and the later language, if different from that which precedes, must prevail.
Counsel for appellant cites Patterson v. Lamson, 45 Ohio St., 77, which does not seem in point with the case at bar, unless it be paragraph 4 of the syllabus, which holds that where a father purchased and paid for land for a wedding gift to his daughter, and the vendor conveyed directly to the daughter, and the daughter died intestate and without issue, the title did not come to her by deed of gift from an ancestor. Nor is the case of Brower *285 et al. v. Hunt et al., 18 Ohio St., 311, believed to be in point. The 27 Am. & Eng. Ency. Law (2 ed.), 300 and 303, is cited to support the contention that the character of the estate is determined by the legal title, and numerous Ohio cases are quoted as sustaining that view, which is correct, but does not determine the issue here, for, while equities are inheritable, the course of descent is controlled by the legal title. Many other Ohio cases are cited, together with 1 Rockel’s Ohio Probate Practice, Sections 907 to 912, all of which discuss and properly define estates by “devise,” but do not clarify the mental atmosphere in the case at bar because the term “devise” is defined only generally and abstractly, and by no means in a comparative sense with the term “purchase,” as is necessary in the case at bar. The foregoing authorities therefore must be held to apply the word “devise” in its generally accepted sense, which is defined in 1 Bouvier, at page 861, as follows: “Devise. A gift of real property by a last will and testament.”
In 3 Words and Phrases, page 2047, it is defined: “The term ‘devise’ is the proper term to be used in a will to denote a gift of real property.” And many cases are cited in which it is so defined.
“A devise is a gift of real property by a last will and testament.” In re Dailey’s Estate, 89 N. Y. Supp., 538, 48 Misc. Rep., 552; Hatheway v. Smith, 79 Conn., 506, 65 Atl. Rep., 1058, and 2 Words & Phrases (2 Series), 29.
And so the authorities might be multiplied.
Was the farm a gift to Anna Yarian, or did the testator use the term “devise” in a broader sense, or inadvertently?
*286 “Purchase” is defined in 3 Bouvier, page 2771, as follows:
“Purchase. A term including every mode of acquisition of estate known to the law, except that by which an heir on the death of his ancestor becomes substituted in his place as owner by operation of law. 2 Washb. on R. Prop., 5th ed. *401; Hoyt v. Van Alstyne, 15 Barb. (N. Y.) 568; McCartee v. Orphan Asylum Soc., 9 Cow. (N. Y.) 437, 18 Am. Dec. 516. A title by purchase is one that is vested in a person by his own act or agreement; 2 Blk. Comm. 241. A title by devise is a title by purchase; Allen v. Bland, 134 Ind. 78, 33 N. E. 774. * * *
“In its more' limited sense, purchase is applied only to such acquisitions of lands as are obtained by way of bargain and sale for money or some other valuable consideration. Cruise Dig. tit. 30, §§ 1-4. Hurst v. Dippo, 1 Dall. (U. S.) 20, 1 L. Ed. 19.”
See also 32 Cyc., 1264, 1265 and 1267; Cobb v. Webb, 26 Tex. Civ. App., 467, 64 S. W. Rep., 792; 8 Words & Phrases, 6983; Grant v. Bennett, 96 Ill., 535, and 4 Words & Phrases (2 Series), 61.
In Carder v. Commissioners of Fayette County, 16 Ohio St., at page 368, it is said: “Every lawyer knows, that title by purchase is title by any means except descent, and, of course, includes title by devise.”
The foregoing are partly common-law definitions, but the common law is the basis of the Ohio statutes on the same subject, except the statutes limit or extend the provisions of the common law, as the case may be, and the foregoing are principally for the purpose of comparison. The Eng *287 lish common law has been so far modified in this state as to create the two classes by statute, ancestral and nonancestral property; and thus Walker defined them in his American Law (10 ed.), at page 392:
“I am here speaking of the doctrines of the English law. In this country, or at least in this state, they have been so far altered, that ancestral property, as will be seen hereafter, includes all realty acquired from an ancestor, either by descent, devise, or deed of gift, where blood is the only consideration; and purchased property includes realty acquired in any other way.”
And continuing, the author very pertinently observes, at page 410, as follows:
“By ancestral property, then, is meant that realty which came to the intestate from his ancestor, in consideration of blood, and without a pecuniary equivalent, and which must have come either by descent or devise from a now dead ancestor, or by deed of actual gift from a living one.”
The foregoing is unmistakably to the effect that ancestral property is property acquired where blood is the only consideration.
And again the author observes as follows:
“And by nonancestral property is meant all personalty, and that realty which came to the intestate in any other way, whether by purchase from his ancestor or from a stranger, for an equivalent paid, or by actual gift from a stranger, so that the consideration of blood is out of the question; for this makes the sole distinction.”
In the foregoing the author amplifies his defini- ' tion, making his distinctions very clear. Therefore, *288 “ancestral” property under the Ohio statute is property which comes from an ancestor, the only consideration for which is “blood” or relationship, and without a pecuniary equivalent. “Non-ancestral” property comprehends all other kinds, and there is no refuge from that conclusion. The foregoing is supported by the above author at pages 391, 410 and 411, and by 27 Am. & Eng. Ency. Law (2 ed.), page 301, where it is said:
"‘New Acquisitions’ and ‘Acquired Estates’ — By new acquisition is meant an estate which the intestate acquired by his own exertion or industry, or by will or deed from a stranger to his blood. In other words, it is an estate obtained by any means other than by descent, gift, or gratuitous devise from an ancestor.”
The farm here in question was not a gratuitous devise; it was therefore a “new acquisition.” West v. Williams, 15 Ark., 682; H. C. Frick Coke Co. v. Laughead, 203 Pa. St., 172, 52 Atl. Rep., 172, and Brewster v. Benedict et al., 14 Ohio, 368.
In the case of Martin et al. v. Martin, 135 S. W. Rep., 348 (98 Ark., 93), it is held that land is considered a “new acquisition” if derived from any source other than by descent, devise or gift from any relative in the parental line, as by a son from father or mother for a valuable consideration. Frauenthal, J., in the opinion, at page 351, observes as follows:
“If the estate is obtained by any means other than descent, gift, or gratuitous devise, then it is a new acquisition.”
Other parts of that opinion are to the same effect. And the case of Brown v. Whaley et al., 58 *289 Ohio St., 654, is cited, the syllabus of which reads as follows:
“A deed of real estate from a father and mother to their daughter, ‘in consideration of our love and affection for our daughter, and in consideration of the dutiful obedience and faithful services to us of our daughter and in further consideration of one dollar to us in hand paid by our said daughter,’ is not a deed of gift, and the title acquired under such deed came to the daughter not by deed of gift but by purchase.”
At pages 665 and 666 of the Brown v. Whaley case, Burket, J., in the opinion, quotes, with manifest approval, the above paragraphs from Walker’s Americal Law, and further observes as follows:
“How then shall it be solved when the considerations are thus mixed. The title came either by deed of gift or by purchase. It could not come hy both; and legally speaking, it could not come partly by deed of gift and partly by purchase. The law as above quoted from Walker solves the question. He says, that to make ancestral property * * * there must be no other consideration than that of blood. Here there was other and additional consideration, and therefore the title came not by deed of gift. As the title came not by deed of gift, it came by purchase. * * *
“Moreover, the consideration of one dollar alone, is sufficient to support the deed as between the parties, and to give it the character of being upon a valuable consideration, as contra-distinguished from a good consideration.”
*290 It is true that the foregoing is merely dictum, but it clearly indicates by what process of reasoning a conclusion was reached, and is in point in the case at bar.
Adam Yarian provided that his daughter should pay to his executor or executors the sum of $4,000, and upon that condition and no other she should receive a deed from his executor, for which deed he had a perfect right to make provision, and which was in full keeping with his own definitely expressed purpose, as stated in the second paragraph of Item II: “The money arising from the sale of my farm.”
Adam Yarian regarded it as a sale, for he expressly so stated; and very properly so, for by no process of reasoning could it be considered a gratuitous devise. No doubt the testator believed that his daughter Anna was getting her share of his estate in excess value above the $4,000; but, if so, it is not determined or divisible here. All that the will carried as gratuitous to Anna was the option in her favor to purchase at the price fixed. She elected to take under said option, paid the price, received a deed, and beyond question took the estate by purchase, making it nonancestral property. But suppose it should be held to be ancestral property; the effect of such holding would be to divert $4,000 of the estate of Anna Yarian, deceased, from its proper channels of descent, to the estate of Adam Yarian, deceased, from which it must follow partly different lines of descent, thereby working injustice and injury to the heirs of Anna Yarian. Such is contrary to the spirit of the laws relating to such property in this state.
*291 Judgment is therefore rendered for defendants, and the petition is dismissed.

Petition dismissed.

Pollock and Metcalfe, JJ., concur.