## DETERMINATION THAT TITLE TO LAND WAS ACQUIRED BY DEVISE.

Common Pleas Court of Columbiana County.

GALEN SUMMERS V. MARION HEASTAND ET AL.

Decided, October 7, 1920.

*Title—Acquired by Devise and Not by Purchase—Although the Devisee was Charged with Payment of a Bequest.*

Title to land devised by the will of the mother to her son, the devise in the will being the source of devisee's title, is acquired by devise from an ancestor, and not by purchase, although charged with the payment of $700.00 by the devisee to his sistter.

*George T. Farrell* and *C. C. Connell,* for plaintiff.
*J. R. Carey,* for answering defendants.

MOORE, J.

This action is brought by the plaintiff to obtain partition of 52.10 acres of land in Knox township, this county. The petition alleges that the plaintiff and certain of the defendants are the owners of said land and tenants in common as heirs of one Everett Summers, deceased, and sets out the share of each. It then alleges that the defendants Annie Paxson, Albert Fox, Otis Fox, Viola Fox Summers and the unknown heirs of Solomon Fox, deceased, have no interest in said land, but claim some interest therein as heirs of Catherine Summers, deceased, which is a cloud upon the title of the owners thereof, and asking that they set forth their claims or be forever barred, and they have answered claiming they are the owners of undivided interests in said land, and that the said land came to Everett Summers by purchase. The plaintiff claims the land came to said Everett Summers by devise under the will of Fannie Summers.

The facts are these:

Many years ago Fannie Summers became the owner in fee simple of said land by deed from her husband. Said Everett Summers was a son of said Fannie Summers. The plaintiff is a son of said Fannie. Certain of the defendants are heirs of the other children of said Fannie Summers, deceased.

Catherine Summers was the wife of said Everett Summers, had no children, and she died five days after the death of said Everett, and both died intestate. The said answering defendants are the heirs of said Catherine, and not related to said Everett, except by his marriage to Catherine.

When said Fannie Summers died, she left a will which was duly admitted to probate in the probate court of Stark county, and by item two thereof she provided as follows:

"Item 2. . I give and devise to my son Everett E. Summers the south half of the old homestead farm which was deeded to me by my husband George S. Summers in his lifetime situated in Columbiana county, Ohio, and which south half contains 52 acres of land, the dividing line to run through the middle of said farm east to west. My said son is to have said 52 acres upon the condition that he pay to my daughter Mary F. Meese the sum of $700."

It is admitted that said Everett did pay said sum of $700 to said Mary F. Meese.

If Everett E. Summers acquired his title by purchase, then said answering defendants, heirs of Catherine Summers, would be entitled to an interest in said land under Section 8574 of the G. C., but if he acquired his title by devise under said will, then said heirs of Catherine would have no title or interest in said land. See Sec. 8573, G. C.

The case of *Beight* v. *Organ*, 6 App. R., 281, 27 O. C. A., 22, has been cited to the court as controlling in the instant case, but the court distinguishes that case from the instant case. In the Beight case Adam Yarian gave to his daughter Anna Yarian his farm of 100 acres of land, providing she pay to the executor within three years after testator's death the sum of $4,000. She was to elect whether or not she would take the farm at the price mentioned. The executor was directed to convey the farm to her upon the payment of the $4,000. If she did not elect

to take the farm at the price mentioned, the executor. was ordered to sell it to others. The $4,000 and all testator's other property was to be divided share and share alike, and Anna being a daughter, it is fair to presume she was to get her share thereof. Then Judge Farr, in the opinion on page 290, quotes the words of the will as follows: "The money arising from the sale of my farm," and then says, "Adam Yarian regarded it as a sale, for he expressly so stated."

In said Beight case it is not so stated in the opinion of the court, yet from the language of the will, where it states "at the price mentioned," it is fair to infer that the father and daughter had discussed, and probably agreed upon, the price at which she might elect to take said farm of 100 acres. All that was devised to the daughter was a mere option on her part to purchase at said price.

In the instant case the $700 was to be paid to a daughter of Fannie Summers, and not to the executor. Everett E. Summers was not to elect to take the 52 acres *at the price mentioned.* There is nothing in the Summers will about the devise to Everett being a sale, nor was he to share in the $700 so to be paid by him to his sister. Everett, under the will of his mother, took the 52 acres by the devise of the same to him charged with paying the $700 to his sister, and she could enforce the payment of the same by action against the 52 acres making him the defendant. The said 52 acres is a farm worth heretofore and now several thousand dollars, and certainly Fannie Summers did not consider she was selling the 52 acres to Everett, but intended it as a gift to him by the devise in her will with the charge upon it of the $700 to Mrs. Meese.

There is another case directly in point in Ohio, *Kibler* v. *Blair,* 20 N. P. (N. S.), 303, in which it is held as follows:

"A devise to a son is not made non-ancestral by a gift of $5,000 to a daughter made a lien on the devise, for the devise is merely diminished by $5,000, but its nature is not changed."

The cases 94 O. S., 17 and 16 O. C. C. R., 171, throw some light on the question in the instant case.

On page 181 in the opinion of said case in 16 O. C. C. R., —,

the court say, the statute says, "When a person dies intestate having right or title to any real estate or inheritance in this state, which title came to such intestate by descent, devise or deed of gift from an ancestor, the court is not at liberty to follow into fields of equity or hunt after equitable titles, when there is a legal title the intestate died seized of. That legal title is the only one comprehended by the statute. The source of it to the intestate determines whether the estate is to descend as ancestral or non-ancestral property." The source of title to Everett E. Summers of said 52 acres is the devise of the same to him in the will of his mother, and that title he took directly under and by virtue of the will alone.

In *Beight* v. *Organ, supra,* the source of the daughter's title was the deed from the executor, for by that will upon payment of the $4,000, "the price mentioned" in the will by the daughter to the executor, he was to convey the said 100 acres to her, and he did so convey the same.

In 189 Ill., 107, 59 N. E., 606, the sixth paragraph of the syllabus is as follows:

"6. A provision in a will as follows: 'I give and bequeath to my son E. certain land provided he pay to my daughter H. within two years of my death, the sum of $1,000, and to my daughter M. within three years of my death, the sum of $1,000 —passed title absolutely to the son charged with the payment of the legacies."

In *Kinney* v. *Glasgow et al,* 53 Pa., 141, in the fifth paragraph of the syllabus, it is held that,

"Independently of an express intent, the charge of a legacy on a devise greater than the devisee would take by descent, will not convert a devise into a purchase."

In the opinion of the court on page 145 of said case, it is said:

"There being no testamentary rule by which the land can be apportioned between the gratuity and the encumbrance, there is no reason to conclude that the testator meant to devise any portion of the land in consideration of the payment of the charge upon it. And independently of an express intent,

there is nothing in the charge itself which should convert the devise into a mere purchase. The subject of it still retains its prime character as a gratuity. Its tint, it is true, is changed by the mixture, but its color remains the same. The payment but diminishes the value of the gratuity, but not its character.''

In the instant case this court is of the opinion that Everett E. Summers took said 52 acres under said will of his mother by devise from an ancestor, and not by purchase, and therefore the said answering defendants have no interest, right or title to, or in said 52 acres, or any part thereof, and a decree may be entered accordingly.