## Mugg et al. *v.* Fenn et al.

[No. 25,311.   Filed October 28, 1926.]

1.  EXECUTORS AND ADMINISTRATORS.—The $500 allowance made to a widow by §3112 Burns 1926, §2786 Burns 1914, whether taken in personal property or cash, becomes her absolute property, and her right to the same is not affected by her subsequent marriage.  p. 374.

2.  EXECUTORS AND ADMINISTRATORS.—The $500 statutory allowance to a widow under §3112 Burns 1926, §2786 Burns 1914, is a preferred claim, payable out of the personal estate if it is sufficient for that purpose; if insufficient, the lands of decedent can be sold to pay it.  p. 374.

3.  EXECUTORS AND ADMINISTRATORS.—The $500 statutory allowance to a widow under §3112 Burns 1926, §2786 Burns 1914, is not an interest in the estate of the decedent, does not pass to her by any law of descent, and does not descend to her as an heir.  p. 374.

4.  EXECUTORS AND ADMINISTRATORS.—Real estate set off to a widow in lieu of her $500 statutory allowance under §3112 Burns 1926, §2786 Burns 1914, was not acquired by virtue of the marriage within the meaning of §3342 Burns 1926, §3015 Burns 1914, and, therefore, does not go to her children of the first marriage on her death during a second or subsequent marriage.  p. 375.

5. EXECUTORS AND ADMINISTRATORS.—Real estate set off to a widow for balance of her statutory allowance under §3112 Burns 1926, §2786 Burns 1914, does not merge with that set off to her as a part of her husband's lands under the law of descent. p. 376.

From Howard Circuit Court; *John Marshall,* Judge.

Action by Fred J. Mugg and another against Charles E. Fenn and others. From a judgment for defendants, the plaintiffs appeal. (Transferred to the Supreme Court under subd. 2 of §1357 Burns 1926.) *Affirmed.*

*Joseph C. Herron, Wolf & Barnes, C. W. Roll* and *George B. Sherk,* for appellants.

*Bell, Kirkpatrick, McClure & Elliott, Fred J. Myers* and *Lex J. Kirkpatrick,* for appellees.

GEMMILL, J.—This suit was brought by the appellants against the appellees to quiet title to certain real estate in Howard county. Answer in general denial to the complaint was filed. Judgment was in favor of the defendants. The only assignment of error is that the court erred in overruling appellants' motion for a new trial. The causes for the new trial are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

By the evidence, it is shown: That Joseph N. Mugg died intestate in June, 1891. At the time of his death, he was the owner of eighty acres of real estate, which included the thirty-eight acres described in the complaint. He left as his only heirs at law, Dora A. Mugg, his widow, and Ethel E. Mugg and Freddie J. Mugg, his daughter and son, who were minors. The administrator of his estate filed a petition to partition said real estate by setting off to the widow her one-third in severalty, and to secure an order to sell the balance to pay debts of the estate; and stated therein that the appraised value of the personal property of said estate was $438.55, that the indebtedness of the estate

amounted to $907.32, and that the widow had received $15 of her statutory allowance and there was then due her on same the sum of $485; and he asked that there be set off to her of said real estate, one-third in value to which she was entitled as widow, and in addition enough real estate in value to amount to said $485. The widow filed her written request and consent to same. A guardian *ad litem* was appointed for said minors and he filed an answer to the petition for them. Commissioners were appointed to make partition and they set off to the widow one-third in value of the real estate and also enough land to amount in value to $485, and their report was approved and confirmed by the court. Thereafter said Dora A. Mugg married Charles E. Fenn, appellee. Edith Fenn and Ella C. Armfield, appellees, are the daughters of said Dora Mugg Fenn and Charles E. Fenn. Dora Mugg Fenn was the owner of said land described in the complaint from the time it was set off to her until her death; and when she died, she was the wife of said Charles E. Fenn.

The widow of decedent was entitled to an allowance of $500, which she could have taken in personal property, if there had been sufficient personal property, or in cash; and she had a lien on real estate of decedent for the unpaid part of said allowance. §3112 Burns 1926, §2786 Burns 1914. Had she taken said allowance in personal property or in cash, same would have been her absolute property. *Mills* v. *Marshall* (1856), 8 Ind. 54; *Shaffer* v. *Richardson* (1866), 27 Ind. 122; *Bratney, Admr.,* v. *Curry, Exr.* (1870), 33 Ind. 399. It is well settled that the statutory allowance of a widow under said section was a preferred claim payable out of the personal estate, if sufficient for that purpose; and if insufficient the lands of decedent could be sold to pay it. *Claypool* v. *Jaqua, Admx.* (1893), 135 Ind. 499, 35 N. E. 285; *In re*

*Mertes Estate* (1914), 181 Ind. 478, 104 N. E. 753; *Rush* v. *Kelley* (1905), 34 Ind. App. 449, 73 N. E. 130. The statutory allowance to the widow of $500 was not an interest in the estate of the decedent, did not pass to her by any law of descent and did not descend to her as an heir. *Claypool* v. *Jaqua, Admx., supra; In re Mertes Estate, supra.*

In law, there are but two modes of acquiring title to real estate, by descent and by purchase, by the act of the law, and by the act of the party. 2 Henry, Probate Law and Practice (3d ed.) §686. In the instant case, there was due the widow of Joseph N. Mugg, the sum of $485, the unpaid part of her statutory allowance. For that amount, which was due her, she took real estate of that value, and that real estate which was part of that set off to her was acquired by purchase and not by descent.

In *Allen* v. *Bland* (1893), 134 Ind. 78, 33 N. E. 774, it is held that a widow holds by virtue of a marriage the title to such land as descends to and is vested 4. in her by operation of law. In the instant case, that part of said real estate secured in payment of the balance due on statutory allowance cannot be held to have been acquired by virtue of the marriage, as provided by §3342 Burns 1926, §3015 Burns 1914, which is as follows: "If a widow shall marry a second or subsequent time, holding real estate in virtue of any previous marriage, * * * and if during such marriage said widow shall die, such real estate shall go to her children by the marriage in virtue of which such real estate came to her, if any there be." In *Odell* v. *Reynolds* (1901), 156 Ind. 253, 59 N. E. 846, it is decided that said section, which restricts the power of a widow to alienate the real estate held by virtue of previous marriage, does not apply to real estate secured under the acts regulating the settlement of

decedent's estates, as in the case of a widow taking the entire estate where the real and personal property thereof is not worth over $500. The section providing for widow's allowance of $500 does not come under the statute of descents, but under the acts concerning the settlement of estates.

Appellants claim that there has been a merger of the real estate which was set off to the widow for balance of her statutory allowance with that which she 5. inherited; and, at her death, the children of the first marriage became the owners of all of said real estate. Merger has been defined as the annihilation of one estate and its absorption in another by act of law. 2 Bouvier, Law Dictionary 2197. In 10 R. C. L. 666, §26, it is said: "Merger will not occur if one estate is acquired by purchase and the other by right of the wife, because they are held in different rights." It cannot be successfully contended herein that there was a merger of the real estate which was purchased with that which was inherited. In the lower court, the plaintiffs failed to prove title to all the real estate described in their complaint.

Finding no reversible error, the judgment is affirmed.