INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION *v.* ESTATE OF ALEXANDER, ETC.

[No. 29,008. Filed December 8, 1953.]

*J. Emmett McManamon,* former Attorney General, and *John J. McShane, Lloyd G. Hutchinson,* Deputy Attorneys General, and *Joseph E. Nowak* and *Robert F. Wallace,* former Deputy Attorneys General, for appellant.

*Marshall, Hillis & Hillis,* of Kokomo, for appellee.

GILKISON, J.—Edward F. Alexander died intestate in Howard County, Indiana, about January 20, 1951. Thereafter, Paul Alexander was regularly appointed administrator of the estate. About April 16, 1951, the administrator filed his schedule of property to determine the inheritance tax due.

Among the deductions claimed and allowed by the trial court as exempt from inheritance tax was the widow's allowance of $1000 as provided for by §6-711, Burns' 1951 Pocket Supplement, Acts 1949, Ch. 53, §1, p. 155. The action of the court was questioned by appellant's motion for new trial, which was overruled and this appeal was taken. The sole question presented by the appeal therefore is: Should this statutory allowance to the widow be exempt from inheritance tax?

The statute, §6-711, Burns' 1951 Pocket Supplement, is as follows:

"The widow of the decedent, whether he die testate or intestate, may at any time before the sale, select and take articles therein named at the appraisement, not exceeding in the aggregate, one thousand dollars [$1,000]. Each article taken by her shall be so noted on the inventory opposite the article taken, or a separate inventory may be made of the articles so taken and returned with the general inventory. She shall execute a receipt therefor to the executor or administrator,. which shall be returned and filed with the inventory. If the widow fail or refuse to select and take all or any part of the articles in this section provided, she shall be entitled to the amount of the deficiency in cash, out of the first moneys received by the executor or administrator, in excess of the amount necessary to pay the expenses of administration, and of the last sickness and funeral of the deceased: Provided, That if the estate be clearly solvent, she shall be entitled to such payment out of the first moneys received by such executor or administrator. If the personal estate of the decedent be insufficient to pay the amount that may be due the widow in cash, as aforesaid, the deficit shall constitute a lien upon the real estate of the decedent liable to sale for the payment of debts, which lien may be enforced upon the petition of the executor or administrator in like manner as lands of the decedent are sold for the payment of debts, and shall be superior to the lien of judgments upon said real estate rendered against the decedent."

It has been held frequently by our courts that the statutory allowance of a widow is a preferred claim payable out of the personal estate, if sufficient for that purpose, and if insufficient the lands of decedent may be sold to pay it. *Mugg* v. *Fenn* (1926), 198 Ind. 372, 374, 153 N. E. 776. *Comer* v. *Light* (1911), 175 Ind. 367, 377. *Claypool* v. *Jaqua, administratrix, et al.,* (1893), 135 Ind. 499, 505, 35 N. E. 285. *Shipman* v. *Keys, administrator* (1891), 127 Ind. 353, 354. *Rush* v. *Kelley* (1905), 34 Ind. App. 449, 453, 73 N. E. 130.

In addition it has been the established rule of this court that the statutory allowance to the widow does not pass to her by reason of any law of descent or as an heir. *In re Mertes Estate* (1914), 181 Ind. 478, 480, 104 N. E. 753. *Mugg* v. *Fenn, supra,* at page 375.

Our inheritance tax law was enacted by Acts 1931, Ch. 75, pp. 192 to 220. It was not possible for this law to change the legal aspect of the statutory allowance to a widow as declared by our courts continuously since the first statute was enacted on the subject in 1843;[1] Neither could it bind future sessions of the General Assembly from enacting laws on the subject of allowance to a widow, nor cause the courts of the state to change their long established holding with respect to such allowance as aforenoted. Indeed, the inheritance tax law does not attempt to do either of these things. This court cannot follow the

---

1. Sec. 1, Ch. 75, p. 1049, of this statute is an follows: "BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF INDIANA, That the widow of any decedent shall be entitled to select at its appraised value, property of her said deceased husband to the amount of one hundred and fifty dollars, or if the said property shall have been sold, shall be entitled to receive out of the proceeds of such sale, the sum of one hundred and fifty dollars in money, for which she shall not account; all laws and parts of laws coming within the purview of this act are hereby repealed."

suggestions of appellant's counsel and accomplish the same result by its decision. Of course, the General Assembly could tax the widow's statutory allowance if it would enact a law specifically so doing, but it has not done so. In enacting the present widow's statutory allowance law in 1949, it did not give the widow $1000.00 less inheritance tax or subject thereto. (Acts 1949 Chap. 53, pp. 155, 156). We think it fair to assume that the General Assembly knew the position of the courts of Indiana with respect to such allowances for more than one hundred years prior to the present enactment, and that it intended that this allowance would be paid to the widow as a preferred claim against the estate and free from inheritance tax.

We have long held that to authorize the collection of a gross income tax a transaction must come clearly within the statutory provisions therefor. In case of doubt the statute will be construed against the state and in favor of the taxpayer. *Department of State Revenue* v. *Crown Develop Co.* (1952), 231 Ind. 449, 109 N. E. 2d 426, 428. *Walgreen Co.* v. *Gross Income Tax Div.* (1947), 225 Ind. 418, 420, 75 N. E. 2d 784, 1 A. L. R. 2d 1014. *R. L. Shirmeyer, Inc.* v. *Ind. Revenue Bd.* (1951), 229 Ind. 586, 591, 99 N. E. 2d 847. *Dept. of Treasury* v. *International Harvester Co.* (1943), 221 Ind. 416, 421, 47 N. E. 2d 150. *Oster* v. *Department of Treasury* (1941), 219 Ind. 313, 317, 37 N. E. 2d 528. *Department of Treasury* v. *Muessel* (1941), 218 Ind. 250, 255, 32 N. E. 2d 596. *United States* v. *Merriam* (1923), 263 U. S. 179, 188, 44 S. Ct. 69, 68 L. Ed. 240, 244, and *English* v. *Crenshaw* (1908), 120 Tenn. 531, 110 S. W. 210, 17 L. R. A. (N. S.) 753.

We think the same rule applies in the assessment of taxes under the Indiana Inheritance tax law. The rule of the United States Supreme Court and in most of the states, is well expressed as follows:

". . . It has been declared in a number of cases that inheritance tax laws are not to be stretched beyond their reasonable meaning, but rather in case of doubt are to be construed with some strictness, and indeed that whatever doubt exists in such a measure must be resolved against the taxing authority." 28 Am. Jur., Inheritance Estate, and Gift Taxes, §35, p. 30. *Shwab* v. *Doyle* (1922), 258 U. S. 529, 536, 66 L. Ed. 747, 753. 42 Sup. Ct. Rep. 391. 26 A. L. R. 1454, 1460. *United States* v. *Field* (1921), 255 U. S. 257, 262, 65 L. Ed. 617, 620, 41 Sup. Ct. Rep. 256, 18 A. L. R. 1461, 1464, *Eidman* v. *Martinez* (1902), 184 U. S. 578, 583, 46 L. Ed. 697, 701, *People* v. *Snyder* (1933), 353 Ill. 184, 189, 187 N. E. 158, 88 A. L. R. 1012, 1016.

Another textwriter states the rule thus:

"An inheritance or transfer tax is a creature of the legislature, and a statute providing for such a tax is the only authority therefor. The general rule prevailing in some jurisdictions that all property is subject to taxation, has no application to such taxes, and, in the absence of a statute imposing liability to such a tax, no liability exists in any particular instance. . . ." 61 C. J., Taxation, §2403, p. 1621. In re Jones Est. (1931), 147 Okla. 123, 124, 294 Pac. 792, 60 Utah 356, 363.

An examination of the widow's allowance statute, §6-711, Burns' Pocket Supp. indicates a legislative intent to make this allowance to the widow as soon as possible after the husband's death, and to give it the preferences stated in the statute, probably to assist in her maintenance during the period required for settling the estate. During the last one hundred ten years it has been increased from one hundred fifty dollars to one thousand dollars, which might be a legislative attempt to compensate the widow for the debasement of the dollar in recent years. At any rate the statute makes this allowance a preferred

claim, next after the payment of the expenses of administration and of the last sickness and funeral of the deceased.

We find no law authorizing the imposition of inheritance taxes on this allowance, on the contrary, section 6-2404, Burns' 1933, Pocket Supplement, Acts 1947, Ch. 182, §1, p. 614, 615, specifically exempts from inheritance tax "Debts of the transferor which constitute lawful claims against his estate." The general rule has been stated thus:

> "In line with the rule as to construction of taxing statutes in favor of taxpayer, it has been declared that words of exemption found in an inheritance tax law are to be liberally construed." 28 Am. Jur., Inheritance Estate and Gift taxes, §36, p. 31.

It is not within the power of the courts by construction or otherwise to make this allowance subject to the inheritance tax.

Finding no error in the record, the judgment of the trial court is affirmed.

NOTE.—Reported in 115 N. E. 2d 747.