Long v. Wortham.

## LONG AND ANOTHER v. WORTHAM.

Where there is judgment by default, the facts set out in the petition are to be taken as proved. (Note 82.)

The District Courts have original jurisdiction over executors, &c., by virtue of the 15th section of the 4th article of the Constitution, and may suspend an executor and appoint a receiver with the power to sue and collect a note given to the executor in his representative capacity.

Where the proceedings of the court in which suit is brought are referred to in pleading, it is not necessary to copy the record of such proceedings into the pleading, nor to annex a copy thereof to the pleading; it is sufficient if the record be referred to with such certainty as to enable it to be used, if required.

Error from Houston. The plaintiff in the court below set out in his petition that the defendants had given their note to J. J. Burton as executor of Willis Williams; that subsequently thereto and before the payment of the note or any part thereof, on the 28th day of April, A. D. 1847, by a decree of the District Court of Houston county, upon the petition of William Watson, next friend, &c., against John J. Burton, No. 382, which is there referred to and prayed to be made a part of the petition, petitioner was made receiver of [382] the estate of Willis Williams, and authorized and appointed and ordered to receive and collect the money in the said note specified, of which the defendant had notice. There was a judgment by default.

*Thomas J. Jennings,* for plaintiffs in error. The record does not show any right of action in Wortham. In order to claim under the decree of the District Court appointing him receiver, he should have exhibited the decree. It was not sufficient to merely refer to it. This court cannot say whether that court had jurisdiction. It was incumbent on Wortham to set forth the proceedings under which he claimed the right to sue. Having failed to do so, all presumptions are against him.

*Yoakum,* for defendant in error, suggested delay.

LIPSCOMB, J. The only error assigned worthy of notice is that the plaintiff below does not show by his petition any right of action in himself. The facts set out in the petition are to be taken as proved and admitted. This is the legal consequence of a judgment by default. When taken in that aspect, there can be no doubt but a good and sufficient right to bring the suit has been shown. The District Court, by the 15th section of the 4th article of the Constitution, has original jurisdiction over executors, &c. That it often may become the duty of the court to exercise such jurisdiction over executors there can be no doubt; and that in the exercise of that jurisdiction the appointment of a receiver and a temporary suspension of the authority of the executor in the management and control of the business of the estate would be almost a matter of course. The petitioner avers that this has been done; and the action of the court in so making its decree cannot be brought in question in this suit. It is a judgment of record on that matter, and would fully authorize the receiver to collect the money and discharge the debtors; [383] and if

they would not pay it without suit, he had a right to sue for and recover the same in his character as receiver. There is nothing in the objection that the petition does not set forth the proceedings and the decree of the court appointing petitioner receiver, referred to in the petition. If the record of another court had been referred to, the objection would have been worthy of some consideration; but when the proceedings of the same court in which the suit is pending are referred to as of record in that court, it would be a useless incumbrance of the petition to have them copied and annexed to it. It is sufficient if the record is referred to with sufficient certainty to enable it to be used, if required. This has been done in this case.

Judgment affirmed.

NOTE 82.—Willard v. Conduit, 10 T., 213; Swift v. Faris, 11 T., 18; Guest v. Rhine, 16 T., 549; Ricks v. Puison, 21 T., 507; Niblett v. Shelton, 28 T., 548.