## J. J. COBB v. WEBB & HILL.

Decided June 28, 1901.

**1.—State School Land—Forfeiture—Repurchase Within Ninety Days.**

Under the provisions of the statute (Act of August 20, 1897) with reference to lands belonging to the public school fund, and giving to the owner thereof, in cases where the purchase has been forfeited for nonpayment of interest, a prior right to repurchase within ninety days after the land has again been placed upon the market upon payment of back interest to date of the application to repurchase and one-fortieth of the new price, an application to repurchase, although made within the ninety days, is of no effect as against the right of a third person who has settled on the land and duly applied to buy it, unless the former owner has also paid to the State Treasurer in cash and within such ninety days both the one-fortieth of the appraised value of the land and the amount of the back interest due on the original purchase. Sayles' Civ. Stats., art. 4218j.

**2.—Same—Power of Commissioner to Extend Time of Payment.**

The Commissioner of the General Land Office has no authority, even for what may be considered reasonable cause, to extend beyond the ninety days the time in which one applying to repurchase within that period may make the cash payment of one-fortieth and of the amount of back interest; and an award of the land by the Commissioner to such applicant to repurchase, where such cash payment was not made until after the ninety days, is unavailing in trespass to try title against the right of an actual settler on such forfeited land who has duly applied to purchase it prior to such award.

Appeal from Wichita. Tried below before Hon. A. H. Carrigan.

*W. W. Flood,* for plaintiff in error.

*Mathis & Barwise,* for defendants in error.

HUNTER, ASSOCIATE JUSTICE.—This action of trespass to try title was brought by J. J. Cobb against S. Webb and L. H. Hill to recover survey No. 148, located by virtue of certificate No. 21-2635, in block 14, Houston and Texas Central Railway Company's lands in Wichita County, containing 640 acres of land belonging to the public school fund.

Webb & Hill pleaded not guilty, and reconvened in trespass to try title against Cobb, to which Cobb made no reply. The case was tried by the court without a jury, and judgment was rendered in favor of Webb & Hill, and Cobb has sued out a writ of error and brings the case here for revision on conclusions of facts and law found and filed by the District Court, which we adopt in full, but as they are quite long we will here embrace only the substance thereof, as follows: On June 27, 1889, the land was awarded to J. D. Evans, as an actual settler, at $2 per acre, and on August 8, 1892, he proved up three years' occupancy to the satisfaction of the Commmissioner of the General Land Office, who, as we presume, issued his certificate of that fact to Evans as required by the statute. R. P. Stericker held under Evans through mesne conveyances and transfers, and having failed to pay the interest due on the Evans purchase for the year 1898, the sale was, on July 20, 1899, canceled and forfeited by the Commissioner of the General Land Office, and the land was reclassified and appraised, and on the 1st day of September, 1899, again placed upon the market. On the 15th day of September, 1899, J. J. Cobb, having settled upon the land as required by law, made his application to purchase same, and filed it, together with his affidavit and obligation, with the Commissioner, and paid the proper amount to the Treasurer, and did everything required of him by law to entitle him to purchase the same. At this time Stericker was in possession of the land by his tenants, and there had been placed on the land by Evans and his vendee and subvendees, permanent and valuable improvements to the value of $200. On the 7th day of November, 1899, said Stericker, claiming as owner and remote vendee under said Evans, filed his application in the General Land Office to purchase the land, claiming it under the ninety days' prior right clause, but failed to send the past due interest and the first payment on the principal due under the reclassification and appraisement, which amounted to $249.02, and which was not sent by Stericker to the State Treasurer until on the 21st day of of May, 1900, eight months and twenty-one days after the land was again placed upon the market. The Treasurer received it on May 23, 1900. On the 2d day of June, 1900, the land was awarded to Stericker, and Cobb's first payment was then returned to him, and his application rejected because of the award to Stericker. Cobb, however, it seems, remained on the land and brought this suit on January 24,

1901, against Stericker, who also remained in possession by his tenants. When Stericker's application was filed claiming the prior right to purchase the land as owner, it seems that the Commissioner notified him that there was no evidence in the Land Office showing that he was the assignee of John D. Evans, and he was written to this effect on January 1, 1900, and was again written to on the 24th of April, 1900, to send in his transfers, and was given only thirty days in the last letter in which to comply with that request, and the Commissioner, it seems, suspended action on the applications until May 18, 1900, before the State Treasurer was notified to receive Stericker's first payment, which, however, did not, as before stated, reach the Treasurer's office until May 23, 1900. On May 11, 1900, Stericker's transfers were filed in the General Land Office, and the award was made as aforesaid on June 2. Webb & Hill held under Stericker.

The evidence established that Evans did reside upon the land in controversy, but under the ruling in Pardue v. White, 21 Texas Civil Appeals, 121, the district judge gave no consideration to said fact, as the proofs of three years' occupancy had been long before made to the Commissioner.

When Stericker sent his application to repurchase the land, he stated to the Commissioner that he would remit the amount of accumulated interest on the land and one-fortieth of the new price, and this was done as soon as the transfers were procured, and the amount made known to him by the Treasurer which was necessary to repurchase the land. The sum would have been remitted by Stericker within ninety days from September 1, 1899, if the Land Commissioner had not suspended action on the claim pending the filing of the transfers, and if he had received notice from the Treasurer of the amount required of him to repurchase.

In order to support the judgment below, as it is our duty to do if we can, we also find, in the language of the district judge, that "when the application of said Stericker to repurchase was filed in the Land Office on the 7th day of November, 1899, the Commissioner of the General Land office suspended action on said application until the 2d day of June, 1900, for the reason that when it was filed there was no evidence in the Land Office that said Stericker was the assignee or vendee of the Evans title, and said Stericker was given by the Land Commissioner a reasonable time in which to hunt up and file in the General Land Office his chain of title from J. D. Evans down to himself, and showing in himself the J. D. Evans title; that the said chain of title from Evans to said Stericker was filed in the Land Office on the 11th day of May, 1900; that, considering the number of transfers involved from said Evans to said Stericker and residence of the various vendees, the time consumed in filing such transfers was reasonable, and under the circumstances the time in which the money was remitted was reasonable." But the question yet remains whether, in any case, the time for compliance with the statute can be extended beyond the period of ninety days from the date when the land was again put upon the market.

The counsel for plaintiff in error in his very able brief raises two points against the judgment. The first is that Evans, having never resided on the land, was not an actual settled, and the award to him in the first instance was void. The second is: "The court erred in rendering judgment against the plaintiff and for the defendants, because the application of Stericker, their vendor, to repurchase the land in controversy was not completed within ninety days, the time required by law, and the Commissioner of the General Land Office had no authority to extend the time beyond that period, in which to complete the repurchase of the land."

The first question we find it unnecessary to decide; but see Pardue v. White, 21 Texas Civil Appeals, 121.

The second question is the serious one in this case, and has not been decided, so far as we can ascertain. The case of Anderson v. Neighbors, 94 Texas, 487, 59 Southwestern Reporter, 543, is not in point here. That was a case in which the right of a former purchaser to be *reinstated* was involved, and the statute in such a case places no time limit on the applicant,—the limit there is to cases where, after forfeiture, "no rights of third persons may have intervened." Sayles Civ. Stats., art. 4218f. The right to *repurchase* after forfeiture is declared is based upon article 4218j, the fourth paragraph of which is as follows: "Any owner of land heretofore purchased, and which land has been or may be forfeited for non-payment of interest, shall have ninety days prior right after this chapter goes into effect, or after the land is again placed upon the market, to repurchase said land without the condition of settlement and occupancy, in case it has been occupied for three consecutive years as required by law." This act went into effect on the 20th day of August, 1897, and proof had been made to the Commissioner of the General Land Office as required by the statute of three years occupancy in 1892. Under this article the person who is the owner at the time the forfeiture is declared has ninety days prior right to *purchase* the land after it is placed upon the market. What is here meant by the word purchase? Mr. Anderson, in his Law Dictionary, gives as one of its definitions the following: "2. In a popular and confined sense, acquisition by way of bargain and sale or other valuable consideration. The transmission of property from one person to another by their voluntary act and agreement, founded on a valuable consideration. In judgment of law, the acquisition of land by any lawful act of the party in contradistinction to acquisition by operation of law, and includes title by deed, by matter of record, and by devise."

As used in the article quoted, it does not, of course, mean a completed or executed grant or conveyance of title from the State to the purchaser, for the statute contemplates that such may not be issued, so as to pass the title absolutely, for forty years; but it means the completed acts required by the statute which entitle an applicant for the purchase of the public school lands to have the same awarded and sold to him by the Commissioner of the General Land Office.

The State, by acts of its Legislature, has fixed definitely the terms and conditions upon which actual settlers thereon may purchase or acquire its public lands, and offers them to the first bidder whose bid substantially conforms to the provisions of the statute. Clack v. Hart, 25 Texas Civ. App.,——, 62 S. W. Rep., 935. The Commissioner of the General Land Office is, by the statute, constituted the agent of the State, with limited powers expressly defined. If the bid or offer to purchase is made in substantial compliance with the statute, that is (applying the rule to the case under consideration), if the application to repurchase is accompanied by the obligation required by the statute, and the cash payment of the interest due at the time of forfeiture, and one-fortieth of the appraised value of the principal is made to the Treasurer as is also required, the applicant, being the owner of the land either as the original purchaser or as vendee thereunder, immediate or remote, the Commissioner must award and sell him the land, *provided* he complies with all the requirements of the statute within ninety days from the day on which the land was again placed upon the market. But unless he complies with the statute in the particulars named during the ninety days grace given him, the Commissioner has no power to award him the land over other legal applications made during that time. Nor has the Commissioner any authority or power by inaction or by express order to extend the time and prior right for any reason beyond the limit of ninety days.

In this case the ninety days' prior right of Mr. Stericker to purchase the land expired with the 30th day of November, 1899, and at the close of that day he had not deposited with the State Treasurer the interest due at the date of forfeiture and one-fortieth of the principal. He had not, therefore, made a proper, legal application to purchase the land, for the law requires the obligation to be filed and the payment to be made, if not contemporaneous with the application, at least within the ninety days.

We are therefore of opinion that the judgment herein will have to be reversed, and as the facts are all before us, it is our duty to render judgment here upon the plaintiff's petition which should have been rendered by the District Court, that is, that the plaintiff, J. J. Cobb, recover from the defendants, S. Webb and L. H. Hill, the land in controversy, and all his costs in this behalf incurred.

*Reversed and rendered.*

Writ of error refused.