## SPUR INDEPENDENT SCHOOL DIST. v. W. A. HOLT CO., Inc., et al.
### No. 1664.

Court of Civil Appeals of Texas. Waco.
Dec. 19, 1935.

See, also, 74 S.W.(2d) 420.

J. W. Spivey and J. L. Valentine, both of Waco, for plaintiff in error.

McClellan, Lincoln & Williams, of Waco, for defendants in error.

GALLAGHER, Chief Justice.

This suit was instituted by W. A. Holt Company, Inc., hereinafter called plaintiff, against Spur Independent School District, incorporated as such under the laws of this state, hereinafter called defendant, and against Spur High School Athletic Association, alleged to be a subsidiary of said district, hereinafter called association. Plaintiff alleged that L. E. Lee was chairman of the board of trustees of said school district and a member of said association, and a person on whom citation to both said district and said association might be served. An interlocutory judgment by default was rendered against the association. It was not represented on the trial.

Plaintiff sued on an account for supplies and equipment which it alleged it had furnished for use, and which it alleged had been used, by the instructors, coaches, and pupils of the Spur High School in the physical training of said pupils, especially in football. The first item of said account was dated February 12, 1931, and read: "Account stated and agreed due, $419.82." This item was followed by a few others, both of debit and credit, the last of which items was a debit dated February 20, 1932. The balance shown was $289.14. Defendant denied liability on every phase of plaintiff's allegations and made affirmative allegations sufficient to constitute a predicate for testimony introduced by it on the trial.

The case came on for trial before a jury. Both plaintiff and defendant introduced evi-

dence, material portions of which will be hereinafter recited. The court submitted special issues, but instructed the jury in event the first issue was answered in the affirmative, not to consider nor answer the subsequent issues. Said first issue was as follows: "Do you find from a preponderance of the evidence that the defendant, Spur Independent School District, acting by and through its board of trustees, purchased the goods in question from the W. A. Holt Company?" The jury answered the same "Yes" and did not answer any of the other issues. The court thereupon rendered final judgment against defendant Spur Independent School District and Spur High School Athletic Association, jointly and severally, for $289.14, the sum sued for, with interest from that date and for costs. There is no complaint of the manner in which the case was submitted. Neither party requested the submission of any issue or issues.

### Opinion.

Defendant assails the sufficiency of the evidence to support the finding that it, acting by and through its board of trustees, purchased the goods in question from plaintiff. Defendant contends in this connection that with certain exceptions, all such goods were sold to the Spur Athletic Association, and that it was expressly understood that plaintiff should look to such association for payment therefor. The testimony shows that said association was composed of certain members of the board of trustees, certain teachers in the high school, and certain business men of Spur, and that Mr. L. E. Lee was its secretary-treasurer. He was also chairman of the board of school trustees. The purpose of such association was to foster and encourage the Spur High School football team. There was testimony that it functioned from about 1928 until about July, 1931. There was further testimony that by its own check, signed also by Mr. Lee, it paid to plaintiff on December 31, 1932, the sum of $308.45. The capacity in which Mr. Lee acted in signing said check was not shown on the face thereof. No payments by said association after said date were shown. The so-called stated account included in plaintiff's statement of its cause of action is not itemized, but no complaint of such defect is made. There was testimony in a general way that the goods represented thereby were purchased by Gene Taylor, who was defendant's football coach during most if not all of said

time. There was also testimony that such goods were received and used by the football team of said school. Only three written orders for goods prior to February 12, 1931, were introduced. One of these orders was signed by Sam Z. Hall, superintendent of Spur High School. The amount to be paid therefor was inclosed with the order. Another of these orders for goods amounting to $2.25 was signed by the coach, Gene Taylor, and the third, for $5, was shown to be in his handwriting. Both orders requested that the goods be shipped to him. Plaintiff's secretary testified that the statement of the account in the sum of $419.83 as aforesaid had theretofore been rendered to the Spur High School. Whether the statement so rendered was itemized was not shown. Other testimony of this witness indicates that the same was transmitted by mail. There is no testimony showing that the same was actually received by the board of trustees, or any member thereof. On February 16, 1931, plaintiff received a typewritten letter on the printed stationery of the Spur Public Schools, signed by L. E. Lee and A. C. Hull, chairman and secretary, respectively, of its board of trustees. Said letter contained a request to ship Sam Z. Hall, superintendent of said school, certain baseball and volley ball supplies, the closing paragraph of which was as follows: "Incidentally, this bill amounts to $17.75. We are inclosing you a check for $67.75, the remaining $50.00 of which we are asking that you apply on our account (Athletic Association of Spur)." Thereafter, on February 18, 1931, Coach Taylor ordered of plaintiff merchandise amounting to $5.50, and on March 12th he made another order for two pairs of track shoes, which, with postage on same, amounted to $10.17. On March 19th plaintiff received another letter on the same stationery, addressed to it and signed by Sam Z. Hall, superintendent, and L. E. Lee, president of the board. Said letter was as follows: "Inclosed please find vouchers for $110.17, for which you are to credit us for recent purchase of $10.17 for track shoes and other physical education equipment. The $100.00 should be applied to our account with you. Thanking you for many favors and consideration and liberal extensions, we are, yours very truly." No further communication between plaintiff and defendant was shown. On April 1, 1931, plaintiff mailed to Spur High School Athletic Association, % L. E. Lee, chairman, a state-

ment showing a balance of $384.75 due plaintiff on March 14, 1931, a credit thereafter for the $110.17 so paid and a balance due of $274.58. Mr. Lee testified that he received the same and other similar statements sent to the Spur Athletic Association in his care. No further payments on said account were made. Defendant introduced the minutes of the board of trustees of said school district, dated July, 1929, showing the passage of formal resolution by that body declaring that the athletic association was an organization separate and apart from such board for the purpose of boosting football games, and directed the secretary to notify both the coach and superintendent that such board would not be responsible for any purchases made by said association unless specifically authorized by the board in session. Another entry on the minutes of said board, dated October 30, 1930, was introduced, showing that at that meeting a motion was made and carried that the officers of the board, in conjunction with the superintendent, be allowed to expend not to exceed $200 for physical education and playground equipment for the term 1930–31. Another entry on the minutes of said board, dated January 2, 1931, was introduced, showing that the superintendent was asked about the expenditure of the $200 previously allotted for teaching physical education, and that he reported that about $35 had actually been expended, but that the athletic association had some equipment which could be bought and used in conjunction with physical education teaching, such as track shoes, pants, sweat shirts, balls, etc., and suggested the payment to plaintiff of the difference between $200 and the amount that had actually been expended by him, and the president and secretary of the board were instructed "to work this out." Both Mr. Lee, chairman of the board at the time, and Mr. Hall, the superintendent, testified that the payments on account accompanying the two letters hereinbefore recited were made in pursuance of said instruction. Mr. Lee also testified affirmatively that Coach Taylor had no authority to purchase supplies for the board. Mr. Hall testified that early in the fall of 1930, Mr. O'Neal,

an employee of plaintiff, visited Spur and solicited orders for supplies and equipment, and that he told him specifically that he would have, to look to the athletic association for pay for any such goods sold and that O'Neal replied that he was not worried. Said witness testified to subsequent visits by said salesman and like conversations. The charges on the account sued, on subsequent to the mailing of said statement of April 1st were small, and in themselves throw no light upon the question of who was the actual purchaser of supplies and equipment furnished by plaintiff prior to said date. Neither defendant's coach, Taylor, nor plaintiff's salesman, O'Neal, was called to testify.

The finding of the jury above recited is that defendant, acting through its board of trustees, purchased the goods in question from plaintiff. "Purchase" has been defined as the transmission of property from one person to another by voluntary act and agreement, founded on a valuable consideration. Cobb v. Webb, 26 Tex.Civ. App. 467, 64 S.W. 792, 793 (writ refused). The language of such finding excludes a purchase by defendant acting through an agent under either actual or apparent authority. It also excludes liability on the part of defendant for such purchase on the ground of ratification by failing to object to said account, by making payments thereon, or by recognizing the same by the language used in the letters transmitting such payments. It also excludes liability on the theory of an implied promise to pay for said goods because same were received and used by its coach in the physical education and training of its pupils. While these and other issues were submitted conditionally, to be answered only in event of a negative answer to the first issue, they presented other supposed grounds of liability on which plaintiff relied for recovery in event the jury should find that such goods were not purchased by the direct action of defendant's board of trustees. We have carefully considered the testimony in this case and do not find any of sufficient probative force to support the finding assailed. The judgment of the trial court is therefore reversed and the cause remanded.