

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 11, 1972

Honorable Douglas Hubbard
Executive Director
Fleet Admiral Chester W. Nimitz
Memorial Naval Museum Commission
340 East Main Street
Fredericksburg, Texas 78624

Opinion No. M- 1212

Re: Authority of the
Fleet Admiral Chester
W. Nimitz Memorial
Naval Museum Commission
to contract with the
federal government to
receive matching funds
from it.

Dear Mr. Hubbard:

This is in reply to your recent request for our opinion as to whether your Commission is authorized to enter into a contract with the U.S. Department of Housing and Urban Development to receive funds from it which you would use to purchase or condemn certain real estate which would comprise a part of your museum site.

You have further advised you propose to contract to use the federal funds for land acquisition by purchase or condemnation in connection with the historic renovation and preservation of certain property in your operation of the Memorial Museum.

We have concluded that you do have such authority to contract to receive the federal funds for such purposes and to acquire the property and historical relics by purchase or condemnation (within the boundaries of the City of Fredericksburg, Texas) and within the limits of the funds available to you.

Under H.B. No. 54, 61st. Legislature, R.S., 1969 (ch. 8, p.19), Section 3(h) and (i), the Commission is vested with express power to "accept on behalf of the State of Texas donations of money, property, and historical relics" and the power to "acquire property and historical relics by purchase within the limits of funds available." The Commission under Section 3(b) and (c) is required to

-5948-

administer the Naval Museum at Fredericksburg and in addition to "act in any other capacity relative to possessing naval documents, relics, and other items of an historical interest." This statute became effective March 5, 1969. Thereafter, the Legislature, by S.B. No. 463, 62nd Legislature, R.S. 1971 (Ch.304, p.1239), amended that statute by adding a new Subsection (J) to Section 3, thereby authorizing the museum commission to "exercise the power of eminent domain to acquire the lands that are necessary and proper for carrying out its purposes." The statute further provides in part:

> ". . .Condemnation proceedings shall be handled in the name of the museum commission and in the manner prescribed in Title 52, Revised Civil Statutes of Texas, 1925, as amended. The taking of such property is declared to be for the use of the State. The museum commission's power of eminent domain is restricted to the boundaries of the City of Fredericksburg in Gillespie County and shall terminate January 1, 1976. The museum commission shall not be required to deposit a bond or the amount equal to the award of damages by the Commissioners appointed to assess the damages, as provided in Section 2, Article 3268, Revised Civil Statutes of Texas, 1925."

Since the Commission is vested with the statutory duties and the authority "to acquire property," which we hold includes cash funds, and "exercise the power of eminent domain" to acquire realty, it is our opinion that it has the implied authority to contract with any individual or entity, including the federal agency here involved, to carry out its express statutory powers and responsibilities. In Attorney General Opinion No. M-1158(1972), we held that the statutory authority to acquire by "purchase" is not restricted and is construed to include all lawful acquisitions by any means whatever, except by descent, when so used in its larger and technical sense, citing Cobb v. Webb, 64 S.W. 792 (Tex.Civ. App. 1901, no writ), 73 C.J.S.207, Property, Sec.15b(2), and other authorities.

The power to contract is incident to, and may be implied from, those powers expressly granted to, and those duties imposed upon, this administrative agency. Pritchard and Abbott v. McKenna, 350 S.W.2d 333, 334(Tex.Sup. 1961); Terrell v. Sparks, 104 Tex. 191, 135 S.W. 519 (1911); 53 Tex.Jur.2d 203, Statutes, Sec. 141. Attorney General Opinion No. M-605 (1970). In St.Clair v. Harris County Water Cons. & Imp.Dist., 474 S.W.2d 545, 548 (Tex.Civ.App. 1971, no writ), the settled rule of construction is this state was stated as follows:

> ". . .When a statute commands or grants any-
> thing, it impliedly authorizes whatever is neces-
> sary for executing its commands or whatever is
> indispensable to the enjoyment or exercise of the
> grant. Thus, the statutory grant of an express
> power carries with it, by implication, every
> incidental power that is necessary and proper to
> the execution of the power expressly granted."

We do not have a copy of the proposed contract before us and consequently can only express here our conclusion that the power to contract exists, and such usual and customary contractual requirements as obtaining competitive bidding and performance or payment assurances, within the limits of funds available to the Commission, would be within the authority of the state agency as an incident to such contractual authority.

In the event of a requirement for relocation payments to displaced occupants of realty to be acquired by purchase or condemnation, the Commission, as an agency or instrumentality of this state, is expressly authorized by Section 1 of Article 3266b, Vernon's Civil Statutes, to compensate those so displaced for "moving expenses, relocation payments," and other "expenses incidental to the transfer of property to the State." The validity of this statute we upheld in Attorney General Opinion No. M-1061(1972). In the absence of some specific objection presented to us, we can say at this time we do not perceive any difficulty to be encountered generally in conforming to the federal law with respect to requirements of fair labor standards, equal employment opportunity, and civil rights provisions.

In our opinion the Commission is a "local Public Body" created by state law. We assume that the federal agency will recognize and be guided by state law and accord the

Commission the status of a "local Public Body" within the meaning of the federal statute.  See 35 Words and Phrases, p.72, and pkt. pt., "Public Body."  See 709(4) of Title VII of the Housing Act of 1961, Public Law 87-70, 75 Stat. 183 42 U.S.C. 1500, as amended by Title IV of the Housing and Urban Development Act of 1970, Public Law 91-609, 84 Stat. 1770, 1781, 1783, viz:  "The term 'local Public Body' means any public body (including a political subdivision) created by or under the laws of a State. . . ."

## - S U M M A R Y -

The Fleet Admiral Chester W. Nimitz Memorial Naval Museum Commission is a local public body within the meaning of the Housing Act of 1961 and has the power to contract with the Department of Housing and Urban Development to receive funds from it with which it may acquire by purchase or condemnation, within the limits stated, property for historic renovation and preservation in the operation of the museum.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Kerns Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Acting Chairman

Jack Dillard
Mel Corley
Marietta Payne
John Banks

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant