THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711
ATTORNEY GENERAL


June 8, 1972

Honorable James C. Jernigan
President
Texas A&I University
Kingsville, Texas  78763

Opinion No. M- 1158

Re:  Whether Texas A&I
     University may legally
     receive, for a nominal
     consideration or through
     donation, a tract of
     land from the City of
     Kingsville without con-
     demnation proceedings
     or express legislative
     authority?

Dear Sir:

        You have requested the opinion of this office regarding
the above question.

        The first question to be answered is the authority of
Texas A&I University to acquire the property by donation
or purchase.  All references are to Sections of the Educa-
tion Code.

        1.  55.01(1) defines "institution of higher educa-
            tion" as having the meaning assigned it by
            61.003(7).  By virtue of its enumeration in 61.
            003(3) explained by 61.003(4) Texas A&I is
            an "instituion of higher education" under
            61.003(7) and is such for purposes of Chapter
            55 of the Code.

        2.  55.01(2) defines "board" as the body having
            control of an institution of higher education.

        3.  Chapter 55 deals with financing permanent
            improvements.  55.11 provides, "Each board
            is authorized to <u>acquire, purchase</u> . . . <u>any</u>
            <u>property</u> . . . on behalf of its institution.
            . . ." (Emphasis added.)

4.  104.21 confers upon the board at Texas A&I
    at Kingsville the same powers that are con-
    ferred upon the Board of Regents, State
    Senior Colleges, except as otherwise proved,
    which under Section 95.31 "may acquire land
    needed for the proper operation of a senior
    college.  Such acquisition may be by purchase
    or condemnation."

These above provisions of the Education Code take this
transaction out of the language of Section 24, Article V
of the current General Appropriation Act.[1] This rider
would in effect prevent any state agency receiving appro-
priations from accepting the donation of real property or
expending any of its appropriated moneys for the purchase
of real property "without the expressed permission and
authorization of the Legislature."

Our opinion is that Texas A&I University through its
Board of Regents may acquire the land by purchase, con-
demnation, or donation.  We do not construe the appropri-
ation rider as precluding the acquisition since general
statutory authority exists in support thereof.

The above statutes were in existence at the passage of
the current General Appropriation Act and the language
"each Board is authorized to acquire, . . . any property
. . . on behalf of its institution . . ." and the other
provisions above quoted constitute existing constitutional
authorization for the acquisition of property inquired about
in your opinion request.  The existence of this pre-existing
authorization precludes any question of the applicability
of Article V, Section 24 (last paragraph) of the current
Appropriation Bill to the question presented, since the
latter provision by its expressed language becomes applica-
ble only in the absence of existing statutory authorization
for agency acquisition.

---

[1]Acts 62nd Leg., R.S. 1971, as amended by Acts 62nd
   Leg., 1st C.S. 1971, p. V-45, 3805-3806.

The statutory authority to acquire by "purchase" is not restricted and is construed to include all lawful acquisition of real estate by any means whatever, except by descent, when so used in its larger and technical sense. Cobb v. Webb, 64 S.W. 792(Tex.Civ.App. 1901, no writ); 73 C.J.S. 207, Property, Section 15b(2); Words and Phrases, Vol. 1A, p. 577, and authorities therein cited.

Such a statutory code provision as here involved should be liberally construed with a view to effect its objects and to promote justice. Art. 10(8), V.C.S. Accordingly, we construe the authority given for acquisitions of lands by purchase or condemnation to have been used in the larger, technical sense so as to include donations or gifts.

We express no opinion on the authority of the City to make the conveyance. We suggest, however, that Article 5421q, Vernon's Civil Statutes, be studied and complied with to the extent that it bears upon the questions posed by you.

- S U M M A R Y -

Texas A&I University may legally receive by conveyance and for a nominal consideration a tract of land to be legally abandoned or disposed of by the City of Kingsville without benefit of formal condemnation proceedings or express legislative authority.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Edward B. Rather
Assistant Attorney General

Hon. James C. Jernigan, page 4          (M-1158)


APPROVED: OPINION
COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Bill Campbell
Fisher Tyler
John Richards
James Quick

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant