P 0197



# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 18, 1976

The Honorable Kenneth D. Gaver
Commissioner
Texas Department of Mental Health
    and Mental Retardation
P. O. Box 12668, Capitol Station
Austin, Texas  78711

Opinion No. H- 865

Re:  Authority of Depart-
ment of MH/MR to operate
residential programs for
the mentally retarded in
San Antonio, and related
questions.

Dear Dr. Gaver:

You have asked several questions regarding the authority
of the Austin State School to contract with other state insti-
tutions or agencies for mental retardation residential services
in San Antonio.  The central questions are:

> 1.  Can the Austin State School use its
> appropriations to lease appropriate
> building facilities in San Antonio,
> Texas, from the Texas Department of
> Health Resources and to operate resi-
> dential programs for the mentally
> retarded in such facilities?

> 2.  Can the Austin State School contract
> with the San Antonio State Hospital
> whereby the school will pay the hospital
> to provide in the City of San Antonio a
> residential program for mentally retarded
> persons?

> 3.  Can the Austin State School contract
> with the Texas Department of Mental Health
> and Mental Retardation acting for and on
> behalf of the San Antonio State School
> whereby the Austin State School will pay
> the San Antonio State School to provide
> a residential program in the City of San
> Antonio for mentally retarded persons?

The Texas Department of Mental Health and Mental Retardation is composed of the Texas Board of Mental Health and Mental Retardation, the Commissioner, Deputy Commissioner, and staff, and the facilities and institutions by law made a part of the Department. V.T.C.S. art. 5547-202, § 2.01.

The San Antonio State Hospital and the San Antonio State School, as well as the Austin State School, are institutions which are by law made a part of the Department. V.T.C.S. art. 5547-202, § 2.01; art. 3185(d); art. 3263g. The San Antonio State School was created in 1975 by article 3263g, V.T.C.S., but no funds have ever been specifically appropriated by the Legislature for its operation. Funds have been appropriated to operate the San Antonio State Hospital and the "Austin State School and Branch" for the 1976-1977 biennium. Acts 1975, 64th Leg., ch. 743, at 2473, 2476. The phrase, "and Branch" in the Austin State School appropriation apparently refers to the Austin State School Annex, located in Austin. V.T.C.S. art. 5547-202, § 2.01; art. 3871b, § 12.

A pertinent provision of the 1975 General Appropriations Act, specially applicable to the Department of Mental Health and Mental Retardation, specifies:

> NEW OR ADDITIONAL INSTITUTIONS. No money appropriated by this Article may be spent for constructing new or additional institutions, or for the purchase of sites therefor, without specific authorization of the Legislature. All institutions shall be kept where they are located by the Legislature, and all new buildings to be constructed shall be on these sites unless otherwise specifically authorized by the Legislature. For the purpose of this Subsection, specific authorization may be granted either by basic statute or special authorization in this Act. Acts 1975, 64th Leg., ch. 743, at 2516. (Emphasis added).

A fair reading of the Appropriations Act restriction on the use of money for new or additional MH/MR institutions convincingly demonstrates that the Legislature intended to prohibit the Austin State School from using its appropriated money for the purpose of establishing itself at a new or different site. The word "purchase," when used in a statute designed to prevent certain results, can include any transaction lending itself to the accomplishment of what the statute is designed to prevent. Blau v. Lehman, 286 F.2d 786, 792 (2d Cir. 1960), aff'd 368 U.S. 403 (1962). See Waskey v. Hammer, 223 U.S. 85 (1912). Cf. Williams v. Nevelow, 513 S.W.2d 535, 537 (Tex. Sup. 1974); Cobb v. Webb, 64 S.W. 792 (Tex. Civ. App. 1901, writ ref'd).

The Legislature appropriated money for MH/MR contract treatment services rendered by community centers and provided money for state grants-in-aid to such centers, as authorized by articles 5547-203 and 5547-204, V.T.C.S. Acts 1975, 64th Leg., ch. 743, at 2463. However, we believe it did prohibit the use of any appropriated funds for the establishment of new or additional sites for the Austin State School. We therefore answer the three questions above in the negative, and your other questions, contingent upon affirmative answers to one or more of the central questions, are not reached.

### S U M M A R Y

The Austin State School may not use funds appropriated to it by the 1975 General Appropriations Act to lease or otherwise acquire facilities in San Antonio for the operation of residential services programs for mentally retarded persons in Bexar County.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb